(78 South. 825)

MONTGOMERY BANK & TRUST CO. v. STATE. (3 Div. 305.)

(Supreme Court of Alabama. May 16, 1918.)

1. BANKS AND BANKING ⊂⇒317—TRUST COMPANIES—ANNULMENT OF CHARTER.

Under Acts 1911, p. 88, § 49, authorizing the superintendent of banks to sue to annul and vacate the charter of any bank or for liquidation, and Code 1907, § 3528, making trust companies amenable to the general banking laws, so far as applicable to trust companies, the superintendent of banks has the exclusive authority to proceed against trust companies, whether or not they are doing or are authorized to do a banking business in connection therewith.

2. BANKS AND BANKING ⊂⇒316—TRUST COMPANIES—DISSOLUTION—STATUTE.

Under Code 1907, § 3512, making corporations subject to dissolution on the ground of the suspension of business by reason of lack of funds to carry on the business, the state superintendent of banks may proceed in chancery for the liquidation of a trust company, whose charter authority and franchise survive, notwithstanding its abandonment of its banking business, where it has disqualified itself from the lawful pursuit of its trust business by the reduction of its nominal capital stock below the minimum requirement prescribed by section 3529.

3. BANKS AND BANKING ⊂⇒317—TRUST COMPANIES—RECEIVERSHIP.

Under Code 1907, § 3512, though the evidence did not show that remaining assets of the trust company were in danger of further waste, dissipation, or depletion, yet where its corporate dissolution seemed to be forecast with reasonable certainty unless its debts were provided for, and sufficient funds provided for its safe and lawful resumption of business, a provisional receivership is contemplated and authorized.

4. APPEAL AND ERROR ⊂⇒714(6) — REVIEW — MATTERS ARISING AFTER SUBMISSION.

On appeal by a trust company from an order appointing a receiver at the instance of the state superintendent of banks, a certificate showing that since the submission of the cause the company has amended its charter, so as to divest itself of all authority to carry on a banking or a trust business, could not be considered.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Bill in equity by the State of Alabama, by and through the State Superintendent of Banks, against the Montgomery Bank & Trust Company, a domestic corporation, doing business in the city of Montgomery, Ala., to procure dissolution, and praying for the appointment of a receiver to take charge of its assets, collect its debts, pay its creditors, and make distribution among the stockholders of the remaining funds. From a decree appointing a receiver, respondent bank appeals. Affirmed.

On application of complainant, of which notice was given to respondent, receivers were appointed. The hearing was had on the verified bill, and the affidavits of complainant, including official reports, showing the condition of banks at various times since 1912, on the answer of respondent, with demurrers incorporated, and the affidavits for respondent and motion to strike various portions of the affidavits of Walker, state superintendent.

Ball & Beckwith, of Montgomery, for appellant. Stuart Mackenzie and W. A. Gunter, both of Montgomery, for the State.

SOMERVILLE, J. The bill of complaint shows, and it so appears from the evidence, that the respondent corporation was organized under the laws of Alabama in 1906, with a capital stock of $250,000, and was authorized by its articles of incorporation to do a general banking business, with all the powers incident thereto, and also to exercise all the rights, privileges, and franchises conferred upon trust companies by the laws of Alabama; that in January, 1912, its capital stock was reduced to $150,000; that in April, 1913, its entire banking business was transferred to and taken over by the Exchange National Bank, since which time respondent has not engaged in the business of banking, but its sole business has been that of a trust company; that in February, 1917, upon notice from complainant Walker, as superintendent of banks, that its capital stock had been found to be impaired to the extent of about $87,500, respondent reduced its capital stock to $50,000. The bill also alleges that, since April, 1913, "its expenses have been largely in excess of its receipts, and its assets are being further dissipated, wasted, and reduced by reason of expenses and fixed charges incident to maintaining its corporate existence; that in order to preserve the remaining assets of said company, and to prevent the further dissipation and depletion thereof, it is necessary that this court appoint a receiver thereof."

The theory of the bill is: (1) That the respondent corporation, as a bank, is subject to dissolution and liquidation under section

3512 of the Code, because it has suspended and abandoned its banking business, which it cannot in future resume, by reason of the lack of funds to carry it on; and (2) that, as a trust company, it is subject to dissolution and liquidation because it has disqualified itself from doing business in Montgomery, by reducing its capital stock below the minimum of $100,000 prescribed by the Code (section 3529), and cannot in any reasonable time resume its business with the required capital stock.

[1] It is clear that, under the Alabama Banking Act of 1911, the state superintendent of banks is the only proper party plaintiff in any proceeding to vacate and annul the charter of a bank, or for liquidation with a receivership. Acts 1911, p. 88, § 49; McDavid et al. v. Bank of Bay Minette, 193 Ala. 341, 69 South. 454. And, since trust companies are made "amenable to the general banking laws of the state in so far as said laws are applicable to trust companies" (Code, § 3528), it is clear that the superintendent of banks has the same exclusive authority in proceedings against trust companies, whether or not they are doing or authorized to do a banking business in connection therewith. It is clear, also, that, but for defendant's trust company powers and business, it would be subject, under the undisputed facts, to a receivership and final liquidation as a banking corporation.

[2] The difficulty here grows out of the survival of its charter authority and functions as a trust company, notwithstanding its abandonment of its banking business and its disqualification for further engaging therein. In this aspect of the case, the question obviously is whether, as against the trust company, this proceeding may be brought in chancery for liquidation, not because of respondent's insolvency or lack of funds in the ordinary sense, but because it has disqualified itself for the lawful pursuit of its trust business by the reduction of its nominal capital stock below the minimum of statutory requirement.

As we view the situation, we think that respondent's reduction of its capital stock from $150,000 to $50,000 must be taken as conclusive evidence that respondent has not the financial means necessary to carry on its business of a trust company in Montgomery in a lawful manner, viz., with an unimpaired capital stock of $100,000, and hence that respondent has suspended its trust business for lack of funds necessary to carry it on. The result is that respondent, though regarded solely as a trust company, is subject to dissolution at the suit of complainant under section 3512 of the Code.

[3] This appeal is only from the order appointing receivers, and while we may concede, as urged by respondent, that the evidence does not show that its remaining assets are in danger of further waste, dissipation, or depletion under present management, and that the conditions justifying a receivership in ordinary cases are not here apparent, yet the statute (Code, § 3512) authorizes the appointment of a receiver by the chancery court in the case of banks and trust companies in the financial condition of this respondent, pending the final settlement of their affairs, and such action is manifestly discretionary, and will be revised only in case of a clear abuse.

Here, upon the showings made, the corporate dissolution of respondent seems to be forecast with reasonable certainty, unless, before final action is taken, its debts have been provided for, and sufficient funds provided for its safe and lawful resumption of business (Code, § 3512), and a provisional receivership is clearly contemplated and authorized by the statute.

[4] A certificate has been filed in this court showing that since the submission of this cause the respondent corporation has duly amended its charter, so as to divest itself of all authority to carry on either a banking or a trust business. We cannot, on this appeal, take cognizance of this suggestion; but, if properly brought to the attention of the trial court, it may possibly have some weight in determining the final action of the court.

Let the decree of the circuit court be affirmed.

Affirmed. All the Justices concur.