Hubert L. COCKRELL and Mrs. Hubert
L. Cockrell, Appellants,

v.

George A. FERRIER and Melton Truck
Lines, Appellees.

No. 23088.

United States Court of Appeals
Fifth Circuit.

April 18, 1967.

George S. Brown, Birmingham, Ala.,
Roscoe B. Hogan, Birmingham, Ala., for
appellants.

Charles E. Sharp, Birmingham, Ala.,
Sadler, Sadler, Sullivan & Sharp, Bir-
mingham, Ala., for appellees.

Before COLEMAN and DYER, Cir-
cuit Judges, and ESTES, District Judge.

DYER, Circuit Judge.

Each of the Cockrells sued Ferrier and
Melton Truck Lines jointly for personal
injuries received in an automobile acci-
dent. The cases were consolidated for
trial and the jury returned a verdict for
the defendants.

Although at the conclusion of the
court's oral charge no objection was
made by the plaintiffs, they now, for the
first time on appeal, claim error in the
court's charges. The plaintiffs assert
that they were not afforded an oppor-
tunity by the District Court to object.

After notice of appeal was filed, the
trial judge made and included in the
record, over plaintiffs' objection, a cer-
tificate in which he described the events
that transpired after his charge to the
jury.[1]

1. The certificate states:
 "I, Seybourn H. Lynne, Judge of the
 United States District Court for the
 Northern District of Alabama, Southern
 Division, hereby certify that upon the
 termination of the Court's oral charge
 of March 19, 1965, at approximately 9:30
 A.M., that I instructed the clerk to
 gather the exhibits and forms of verdict
 and instructed the jury to retire to con-
 sider their verdict.
 "The jury thereupon left the courtroom
 and remained outside of the courtroom
 on the stairs leading to the jury de-
 liberation room while I remained on the
 bench available for exceptions to my oral
 charge.
 "An exception was taken to my oral
 charge by Mr. Sharp, counsel for de-

The transcript discloses only that, after the judge charged the jury, he told them, "I am going to ask the clerk to get together the exhibits * * * and you may retire and consider your verdict," and that defendants' counsel then took exceptions to the charges. The Judge's certificate makes it clear, however, that at the time defendants made their exceptions plaintiffs were present and made no objections, and at that time the jury had not yet actually retired to consider its verdict, but rather was waiting on a stairway outside the courtroom in charge of the clerk. After the trial judge overruled defendants' objections, he instructed the clerk to take the jury to the deliberating room to begin its deliberations.

Plaintiffs contend that we are barred from considering what actually transpired because we cannot take cognizance of the trial judge's certificate. It is insisted that "The record on appeal cannot be varied, added to, or explained by, a statement or certificate of the judge before whom the case was tried." 4A C.J.S. Appeal and Error, § 779, p. 648; United States Fidelity & Guaranty Company v. International Brotherhood, 1958, 40 Ala.App. 452, 115 So.2d 42; Scroggins v. Alabama Gas Corporation, 1963, 275 Ala. 650, 158 So. 2d 90; Montgomery Bank & Trust Company v. State, 1918, 201 Ala. 447, 78 So. 825. Even if these authorities stood for the proposition that the judge could not make the record conform to the truth by the certificate involved here,[2] they would not control our decision for this is a "procedural" question and under Erie R. Co. v. Tomkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and its progeny, especially Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8; Sibbach v. Wilson & Co., 1941, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479, and Lumberman's Mutual Casualty Co. v. Wright, 5 Cir. 1963, 322 F.2d 759, we must look to federal law and not the law of Alabama to decide the question.

The first two sentences of Rule 75(d),[3] relied upon by the defendants do

fendants, during which time the jury was held by the clerk on the above-mentioned stairs outside the courtroom leading to the jury deliberation room. "The exceptions to my oral charge by Mr. Sharp were noted in the record and overruled. The clerk was then instructed to take the jury from the stairs to the jury room, which was done at that time.

"Counsel for the plaintiffs, Mr. Hogan, was present at the counsel table during the time the exceptions were taken by counsel for the defendant, Mr. Sharp, and the colloquy between Mr. Sharp and myself occurred no more than twelve feet from Mr. Hogan, counsel for plaintiffs, and should have been audible and apparent to him. After exception was duly taken by counsel for the defendants, Mr. Sharp, I then retired from the courtroom and remained in my chamber adjacent to the courtroom until the rendition of the verdicts, which was in excess of one hour from the time the jury began its deliberations. During this period I was available to either attorney for additional requests for instruction or explanatory instructions.

"Dated this 14th day of September 1965."

s/ Seybourn H. Lynne, Judge
United States District Court
for the Northern District of
Alabama, Southern Division

"Over the objection of appellants the clerk is directed to include the foregoing certificate in the record on appeal.

"September 29, 1965.

s/ Seybourn H. Lynne, Judge"

2. We do not agree that these cases support such a premise or are pertinent here. They simply stand for the principle that ex parte affidavits or certificates may not be filed for the first time in an appellate court giving or withdrawing *evidential* support with respect to an alleged error.

3. The first two sentences of Rule 75(d) are as follows: "*Correction or Modification of the Record.* If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and

not apply, for the parties did not submit any dispute to the District Court, nor was there any misstatement or omission from the record by error or accident. But Rule 75(d) goes on to provide that "All other questions as to the form and content of the record shall be presented to the court of appeals." Under this provision we are faced with the question whether the certificate of the trial judge should be included in the record.

Plaintiffs do not say, or even intimate, that the recitation in the certificate of the trial judge is in error or untruthful. Plaintiffs do not dispute what the certificate says—they just say that such a certificate cannot be made. We disagree.

The certificate here does not attempt to vary, add to, or explain any evidentiary matter in the record. It simply describes what *physically* took place after the jury departed the courtroom. The matters of whether the judge remained on the bench; whether the jury remained with the clerk on the stairs before going to the deliberating room; whether counsel were close enough to each other and the bench so that each could hear what the other said, and whether the judge was available in chambers during the jury's deliberation were germane to a crucial issue raised for the first time by the plaintiffs as a point on which they intended to rely on appeal. These are all non-evidentiary matters *in pais* that could not have been incorporated in the record other than by certificate. Plaintiff cannot now ask

our consideration of their claimed prejudice and at the same time deny us a record that speaks the truth on the point involved. An appellate decision based upon a false record would indeed be a travesty. We accept the certificate as a part of the record.

Having had the opportunity to object before the jury retired to consider its verdict and having failed to avail themselves of it, plaintiffs may not now claim that the charges were erroneous.[4]

The other errors assigned by the plaintiffs have been considered and are without merit. The judgment of the District Court is

Affirmed.

---

settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."

Prior to the 1966 amendments to the Rules this was Rule 75(h). See also 5 Cir. Rule 18.

4. Federal Rule of Civil Procedure 51, 5 Cir. Rule 10; Plaintiff's authorities, Western Machinery Company v. Consolidated Uranium Mines, 10 Cir., 1957, 247 F.2d 685; Downie v. Powers, 10 Cir., 1951, 193 F.2d 760; Swift v. Southern Railway Company, 4 Cir., 1962, 307 F.2d 315, and Swain v. Boeing Airplane Company, 2 Cir., 1964, 337 F.2d 940, are inapposite for they simply point out what the consequences may be when a court refuses or fails to give counsel an opportunity to object in the absence of the jury but before final submission.