265 So.2d 135

The **ALABAMA STATE DOCKS DEPARTMENT, an Agency of the State of Alabama et al.**

v.

The **ALABAMA PUBLIC SERVICE COMMISSION et al.**

3 Div. 465.

Supreme Court of Alabama.

July 6, 1972.

Rehearing Denied Aug. 17, 1972.

Oakley W. Melton, Jr., Montgomery, for appellants.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the Alabama Public Service Commission and others, appellees.

R. F. Adams, Mobile, for International Paper Co.

Hardy B. Smith, Mobile, for Scott Paper Co., amicus curiae.

PER CURIAM.

This is an appeal from a decree of the Circuit Court of Montgomery County, in Equity, denying motions to discharge and dissolve a temporary injunction.—§ 757, Title, 7, Code 1940; Francis v. Scott, 260 Ala. 590, 72 So.2d 93.

The endorsement on the transcript of the record shows that this appeal was "Argued and Submitted" in this court on May 11, 1971. But the minutes of the court for that day contain the following entry in regard to this appeal:

"Comes the parties by attorneys, and argue and submit this cause for a decision with the right reserved to appellee, Alabama Public Service Commission, to file within 5 days from this date its motion to supplement the record in this cause with certain records or documents from the Alabama Public Service Commission."

In keeping with this unusual order, the Alabama Public Service Commission on May 13, 1971, filed its "Motion To Correct The Record." In one aspect of its motion, Alabama Public Service Commission would have us direct the Register of the trial court to certify to this court a document which it is alleged was before the trial court but not included in the transcript of the record filed here. In the other aspect of its motion, Alabama Public Service Commission seeks to have this court consider an affidavit made by a member of that Commission just one day prior to the day on which this case was argued here and which obviously was not before the trial court. The said Commission would also have this court consider copies of records and other material from the files of the Commission which were not before the trial court and, consequently, are not a part of the transcript of this record.

The appellants, on May 20, 1971, filed two motions, the first of which acquiesces in the said Commission's request to have this court direct the Register to transmit to this court the above-mentioned document, which it is alleged was omitted from the transcript of the record. Appellants' other motion, filed on May 20, 1971, is in essence an objection to the granting of that part of the Commission's motion which seeks to have this court consider matters which were not before the trial court.

We have determined that the document which the parties would have us direct the Register to transmit to this court is in fact in the transcript of the record and has been considered. It is referred to hereinafter as Supplement 19.

■ The motion of the Commission to have this court consider matters *dehors* the record, matters which were not before the trial court, is denied. This court has repeatedly said that it is bound by the record and cannot consider statements, however made, which are not supported by the record.—Logan v. O'Barr, 271 Ala. 94, 122 So.2d 376; Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Garrett v. Kirksey, 279 Ala. 10, 181 So.2d 80; Montgomery Bank & Trust Co. v. State, 201 Ala. 447, 78 So. 825; Statham v. Statham, 282 Ala. 322, 211 So.2d 456; Cash v. Usrey, 278 Ala. 313, 178 So.2d 91; Blanton v. Blanton, 276 Ala. 681, 166 So.2d 409; Cooper Transfer Co. v. Alabama Public Service Commission, 271 Ala. 673, 127 So.2d 632.

The Alabama Public Service Commission and the individual members thereof, on August 6, 1970, filed a sworn bill "to enjoin the respondents, Alabama State Docks Department, an Agency of the State of Alabama, and Terminal Railroad, Alabama State Docks, from implementing proposed increases in switching charges on pulpwood and woodchips at Mobile, Alabama, as reflected in Supplement 19 to Rail Terminal Charges Tariff No. 16, currently scheduled to become effective August 7, 1970." The language just quoted is in the opening paragraph of the bill of complaint.

We will sometimes hereinafter refer to the complainants as the Commission and to the "respondents" as Alabama State Docks Department.

The trial judge on August 10, 1970, rendered a decree which reads as follows:

"In this case, petitioner, Alabama Public Service Commission, having filed a verified petition for temporary injunction to enjoin the implementation of increase in switching charges on pulpwood and woodchips in or on 'little cars,' which switching rates are the subject mat-_____ of the appeal now pending before this Court in Case No. 16151 at Mobile, Alabama as reflected in Supplement 19 to Rail Terminal Charges Tariff No. 16, currently scheduled to become effective August 7, 1970, and the Court having considered the same, it is

"ORDERED, ADJUDGED AND DECREED that a writ of temporary injunction be issued forthwith by the Register of this Court, commanding the Alabama State Docks and Terminal Railway, Alabama State Docks to suspend implementation of said increases, pending a hearing to be conducted by August 17, 1970, before the Alabama Public Service Commission and pending final determination by that body within a reasonable time after date of the hearing, not to exceed 20 days."

The transcript of the record does not contain "a writ of temporary injunction" issued by the Register until after the appeal had been taken to this court.

On August 11, 1970, Alabama State Docks Department filed separate motions to discharge and dissolve the "Temporary Injunction heretofore issued."

On August 17, 1970, Alabama State Docks Department filed an "Amendment to Motion to Dissolve Temporary Injunction" and a sworn answer with supporting affidavit.

On the same day, August 17, 1970, submission was had on the "petition for Temporary Injunction, the Motion to Dissolve, the Motion to Discharge, the sworn Answer of Respondent, the affidavits filed by both parties, and all proceedings had in this matter. . . ."

A decree was thereupon, on August 17, 1970, rendered and entered denying the motion to dissolve and the motion to discharge.

On the day that decree was rendered and entered, "Alabama State Docks Department, an Agency of the State of Alabama," took an appeal to this court from the said decree.

Also on August 17, 1970, the trial court rendered an order staying that part of "its Order [August 10, 1970] Granting Temporary Injunction requiring a hearing to be conducted by August 17, 1970 before the Alabama Public Service Commission . . . pending Respondent's appeal to the Supreme Court of Alabama."

The transcript of the record contains a writ of injunction issued by the Register on August 21, 1970, which reads:

"WHEREAS, one Alabama Public Service Commission has exhibited its bill of complaint in equity, in the Circuit Court of Montgomery County, and has obtained from the Honorable Eugene W. Carter an order for the issuance of an injunction to enjoin you as hereinafter mentioned;

"NOW, THEREFORE, you, the said Alabama State Docks and Terminal Railway, Alabama State Docks, are hereby commanded to suspend implementation of increase in switching charges on pulpwood and woodchips in or on 'little cars', and this Injunction you are required to obey under the penalties of the law, until further order of this Court."

We are not advised as to why the writ of injunction was issued on August 21, 1970, or why it is made a part of this transcript. Although it is not challenged on this appeal, the court deems it appropriate to observe that if the said writ was issued as a belated response to the trial court's direction to the Register contained in the decree of August 10, 1970, it was issued too late to play any part in the proceedings here under review, which proceedings had been removed to this court by the appeal taken on August 17, 1970.—Ex parte Farrell, 196 Ala. 434, 71 So. 462; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Kinney v. White, 215 Ala. 247, 110 So. 394. If it was not issued in response to the decree of August 10, 1970, it clearly has no place in this transcript. It will be disregarded.

There are four assignments of error, the first of which reads:

"1. The Court erred in its Order of August 17, 1970, denying the Motion of Appellants to dissolve the Temporary Injunction issued on August 10, 1970 (R., p. 72)."

In that assignment of error, Alabama State Docks Department is complaining of the failure of the trial court to dissolve a temporary injunction issued on August 10, 1970. As previously observed, the Register did not issue a writ of injunction on August 10, 1970, or at any time prior to the time this appeal was taken.

Under the practice in this state, the issuance of a writ of injunction by the Register in compliance with the court's order is usual and proper. This court has said that injunction writs should be clear and specific.—Sellers v. Valenzuela, 249 Ala. 620, 32 So.2d 520; In re Willis, 242 Ala. 284, 5 So.2d 716.

But we pass by the fact that an appropriate writ was not timely issued without further consideration because the point is not insisted upon on this appeal and it is apparent that counsel for all parties and the trial court considered that the court's decree of August 10, 1970, operated to restrain Alabama State Docks Department, at the moment of its rendition, from imple-

menting the proposed rate increases, the subject of the decree. See Sweetwater Bank & Trust Co. v. Howard, 16 Tenn. App. 91, 66 S.W.2d 225. This treatment is deemed to be appropriate in that there is no assertion of contempt of a nonexistent writ and the question on the merits is one of public importance.

The Alabama State Docks Department is the state agency through which the State may engage in "works of internal improvement, and of promoting, developing, constructing, maintaining, and operating all harbors, seaports or riverports within the state, or its jurisdiction, including the acquisition or construction, maintaining and operating at seaports and riverports of harbor watercraft and terminal railroads, as well as all other kinds of terminal facilities. . . ."—§ 1 of Act 367, approved September 7, 1955, the provisions of which are carried in the 1958 Recompiled Code of Alabama as § 1(17), Title 38. See § 17, Title 38, Code 1940.

State agencies charged with the same overall responsibilities have in the past been designated the State Docks Commission, the Department of State Docks and Terminals, and the Alabama State Docks Board.

The agencies named were created to implement and give effect to Amendment XII to the Constitution of 1901, which is usually referred to as the Mobile Port Amendment. It was proposed by Act 1, approved October 22, 1921, Acts of Alabama 1921, p. 1, and after being submitted to the electorate on November 7, 1922, was proclaimed ratified on November 22, 1922.

Amendment XII is a rewrite of § 93 of the Constitution of 1901, as previously amended, which read:

"The state shall not engage in work of internal improvement nor lend money or its credit in aid of such; nor shall the state be interested in any private or corporate enterprises or lend money or its credit to any individual, association, or corporation, provided that the state may under appropriate laws cause the net proceeds from the state convict fund to be applied to the construction, repair and maintenance of public roads in the state and the legislature may also make additional appropriations for that purpose."

Amendment XII reads:

"The state shall not engage in works of internal improvement, nor lend money or its credit in aid of such, except as may be authorized by the Constitution of Alabama or amendments thereto; nor shall the state be interested in any private or corporate enterprise, or lend money or its credit to any individual, association, or corporation, except as may be expressly authorized by the Constitution of Alabama, or amendments thereto; but when authorized by laws passed by the legislature the state may appropriate funds to be applied to the construction, repair, and maintenance of public roads, highways and bridges in the state; and when authorized by appropriate laws passed by the legislature the state may at a cost of not exceeding ten million dollars engage in the work of internal improvement, or promoting, developing, constructing, maintaining, and operating all harbors and seaports within the state or its jurisdiction, provided, that such work or improvement shall always be and remain under the management and control of the state, through its state harbor commission, or other governing agency. The adoption of this amendment shall not affect in any manner any other amendment to the Constitution of Alabama which may be adopted pursuant to any act or resolution of this session of the legislature."

The "State Harbor Commission" referred to in Amendment XII was, no doubt, the agency created by Act No. 628, approved September 25, 1915, Acts of Alabama 1915, Regular Session, p. 678. Act 628, *supra,* was entitled "An Act To create a State harbor commission to be known as the 'State Harbor Commission,' define its jurisdiction, powers and duties and pre-

scribe the mode of procedure and penalties for violation of this act, and to repeal all laws in conflict therewith."

Section 34 of Title 38, Code 1940, which was in effect at the time of the occurrence of all events pertinent to this appeal, provides as follows:

"In order to enable the department [Alabama State Docks Department] to earn funds to pay operating expenses and interest on the bonds and to create a sinking fund for the retirement of the bonds, the said department shall have the right and power to fix from time to time reasonable rates of charges for all services and for the use of all improvements and facilities provided under the authority of this chapter; and schedules of all rates so fixed shall be filed with the state public service commission within seven days after the fixing thereof. All private concerns, corporations or individuals operating similar facilities at Alabama seaports must make and collect charges which shall not be less than the charges so fixed by the said department for the use of the state's facilities."

As heretofore shown, the Alabama State Docks Department on behalf of the State of Alabama is authorized to acquire, control and operate at seaports a line of terminal railroads with necessary sidings, turnouts, etc.

On December 1, 1968, the Alabama State Docks Department issued a tariff schedule designated as Supplement 14 to Terminal Railway Alabama State Docks Rail Terminal Charges Tariff No. 16, to be effective January 16, 1969.

In accordance with the requirements of § 34, Title 38, *supra*, a copy of Supplement 14, which increased charges for connecting terminal switching and carload shipments of pulpwood and wood chips in intrastate commerce at the Mobile Docks, was filed with the Commission.

The Commission issued an order on January 13, 1969, suspending the operation of Supplement 14 and ordering an investigation. This order was apparently made under the provisions of § 54, Title 48, Code 1940, which applies to utilities, including transportation companies, over which the Commission has jurisdiction. See §§ 16 and 102, Title 48, Code 1940.

The Alabama State Docks Department commenced collecting the tariff schedules set out in Supplement 14 on January 16, 1969, despite the Commission's order of January 13, 1969, and continued to do so.

On August 14, 1969, the Commission entered an order purporting to require the Alabama State Docks Department to cancel Supplement 14 on or before September 1, 1969.

The Alabama State Docks Department appealed the August 14, 1969, order to the Circuit Court of Montgomery County, in Equity, where it was docketed as Case No. 16151. The Alabama State Docks Department filed a petition for supersedeas of the order of August 14, 1969, and the Circuit Court of Montgomery County, in Equity, entered a decree granting the petition for supersedeas.

On July 6, 1970, the Alabama State Docks Department filed Supplement 19 to Terminal Railway Alabama State Docks Railroad Terminal Charges Tariff No. 16 with the Commission in accordance with the provisions of § 34, Title 38, *supra*.

Supplement 19 fixed an additional increase in switching charges over the charges included in Supplement 14. The rates or tariffs fixed in Supplement 19 were to become effective on August 7, 1970.

As previously shown, the bill here involved was filed on August 6, 1970. It contained an averment to the effect that Supplement 19 constituted an interruption of Case No. 16151 then pending in the Circuit Court of Montgomery County, in Equity, and interfered with that court's jurisdiction to determine the validity of the order of the Alabama Public Service Commission made in regard to Supplement 14.

The bill prayed in part that the court grant a "temporary restraining order, restraining and enjoining the respondents from implementing the increase in switching charges on pulpwood and woodchips at Mobile, Alabama, as reflected in Supplement 19 to Rail Terminal Charges Tariff No. 16 currently scheduled to become effective August 7, 1970."

As heretofore shown, the trial judge rendered a decree on August 10, 1970, ordering the issuance of a temporary injunction substantially in the form for which the temporary restraining order was prayed. We have said that we will here treat the decree of August 10, 1970, as constituting a writ of injunction.

In its motion to dissolve, the Alabama State Docks Department asserted that the rates, charges and tariffs fixed by it are not subject to regulation or control by the Commission.

The Commission takes the position that it has "full power and jurisdiction under the provisions of Title 48, §§ 102, 103 and 104, Code of Alabama, 1940, as amended, to regulate rates and charges by the Terminal Railway Alabama State Docks and such power and jurisdiction is in no way in conflict with those provisions of the constitutional amendments and enabling statutes granting maintenance and control of seaports and harbor facilities to the Alabama State Docks Department."

Sections 102, 103 and 104, Title 48, *supra,* are all in Chapter 2 of Title 48, *supra,* which chapter relates to Transportation Companies. In § 102, *supra,* the term "transportation company" is defined and in § 104, *supra,* it is provided in part:

"The public service commission is charged with the duty of supervising, regulating, and controlling, all transportation companies doing business in this state, in all matters relating to the performance of their public duties, *and their* formance of their public duties, *and their* charges therefor, . . ." (Emphasis supplied)

Section 103 reads:

"The provisions of this chapter shall not apply to any transportation company owned by a municipality or by the federal government *but shall apply to a state owned transportation company.*" (Emphasis supplied)

The words last italicized above became a part of our statutory law in 1931 as a result of the passage and approval of Act 177, approved May 14, 1931, General Acts 1931, p. 252. Act 177, *supra,* bore the title: "To amend Section 9712 of the Code of Alabama, 1923."

Section 9721 of the Code of 1923 read:

"The provisions of this article shall not apply to any transportation company municipally or governmentally owned."

It is thus clear that the 1931 Act, *supra,* was designed to bring a state-owned transportation company under the jurisdiction of the Commission. At the time that act became effective, the only "state-owned transportation company" was the terminal railway or railroad which the then State Docks Commission was authorized to operate and maintain.

It is held, therefore, that the provisions of § 103, Title 48, *supra,* apply to the Alabama State Docks Department in the operation of its terminal railway or railroad if it was within the legislative competence to so provide.

The Alabama State Docks Department strenuously insists that the Legislature was without legal authority to confer upon the Commission the authority to regulate in any way the rates of charges fixed by the Alabama State Docks Department for the use of its terminal railway facilities because it is provided in Amendment XII, *supra,* that "the work of internal improvement . . . and operating all harbors and seaports . . . shall always be and remain under the management and control of the state, through its state harbor commission, or other governing agency."

We agree with the position taken by the Alabama State Docks Department to the effect that the words "or other governing agency" have no application to agencies such as the Commission, but refer to agencies to be created by the Legislature as successors to the State Harbor Commission to manage and control all of the operations of the State Docks. This construction comports with the rule or doctrine of *"ejusdem generis,"* which is to the effect that where general words follow the enumeration of particular classes of persons or things, the general words will be construed as being applicable only to persons or things of the same nature or class as those enumerated.—Goode v. Tyler, 237 Ala. 106, 186 So. 129; Ross Jewelers v. State, 260 Ala. 682, 72 So.2d 402, 43 A.L.R.2d 851. The doctrine of *"ejusdem generis"* applies to constitutional as well as statutory provisions.—Gullickson v. Mitchell, 113 Mont. 359, 126 P.2d 1106.

But the question remains, Do the provisions of Amendment XII, *supra,* operate to prevent the Legislature from conferring upon the Commission the right to suspend and ultimately disapprove the rates fixed by the Alabama State Docks Department for the use of its terminal railway in the same manner that the Commission may suspend and disapprove of rates fixed by other transportation companies?

The answer to that question must be in the negative in view of the holding of this court in State Docks Commission et al. v. State ex rel. Cummings, 227 Ala. 414, 150 So. 345, which case is not cited in briefs.

Cummings' salary as an employee of the then State Docks Commission had been fixed for the month of May, 1933, in the manner provided in § 5 of Act 1, approved January 17, 1927, General Acts of Alabama 1927, p. 1. The pertinent provisions of § 5 of that act, which related to the State Docks Commission, read as follows: " . . . The Commission with the approval of the Governor shall have power and authority to fix the salaries and compensation for the general manager, engineers, architects and other supervising employees and may prescribe their duties."

If the provisions of Act 138, approved April 14, 1933, Acts of Alabama 1933, p. 124, applied to officials and employees of the State Docks Commission, then Cummings' salary for the month of May, 1933, was reduced from $324 to $300.

The State Docks Commission took the position that Act 138, *supra,* did apply to it and refused to pay Cummings the salary for which he had contracted, $324.

Cummings thereupon instituted mandamus proceedings against the State Docks Commission and the individuals who composed that Commission to get his full salary of $324. There was a judgment for Cummings and the respondents appealed to this court.

We reversed, refusing to agree with Cummings' insistence "that by this amendment to our Constitution [Amendment XII], the State Harbor Commission, now the State Docks Commission, was vested with that exclusive power [the fixing of salaries], and that the same must be exercised by that Commission or such other governing agency of the state as the Legislature may prescribe, and not by the Legislature acting in its own behalf in the premises."

In writing to the question presented by Cummings' insistence, it was said:

"What did the Mobile Port Amendment to section 93 of the Constitution mean by the words, *'provided, that such work or improvement shall always be and remain under the management and control of the state,* through its State Harbor Commission, or other governing agency'? (Italics supplied.) Did the Legislature by the last act [No. 138] and its provision *to fix the salaries, wages, and compensation of officers and employees* of the State Docks Commission, unlawfully attempt to exercise a power, alleged by appellee to be expressly con-

ferred (by the people in the adoption of the amendment) upon this state agency to be and created by the Legislature? We hold it is within legislative competency (and the Twelfth Amendment to the Constitution) to fix the salaries and compensation under the acts providing for such 'work or improvement * * * under the management and control of the state, through its * * * governing agency,' as authorized by Amendment 12 to the Constitution. (Italics supplied.)" (227 Ala., 420, 150 So. 349)

The court is unable to see a valid distinction between the question presented in the *Cummings* case, *supra*, and the question of instant concern in this case.

As previously indicated, we hold that the provisions of § 103, Title 48, which make the provisions of Chapter 2 of Title 48 applicable to "a state owned transportation company," do not violate the provisions of Amendment XII, *supra*.

In its sworn answer, the Alabama State Docks Department averred:

"For further answer to the Bill of Complaint, Respondent alleges that throughout the years the Respondent has merely 'filed' its tariffs [rates of charges] with the Alabama Public Service Commission and prior to January 1969, the Alabama Public Service Commission had never attempted to suspend or cancel any tariffs fixed by Respondent when such tariffs were not also suspended by the Interstate Commerce Commission on similar traffic moving in interstate commerce."

■ These averments are not sufficient to invoke the rule that where there is doubt about proper construction of a statute or constitutional provision, contemporaneous construction placed thereon by the courts, by officers whose duty it was to construe them, and by the executive departments and the popular interpretation as exemplified in practice for a number of years, should be looked to in reaching conclusions as to proper construction.—State ex rel. Fowler v. Stone, 237 Ala. 78, 185 So. 404.

The mere fact that the Commission had not previously seen fit to suspend the tariffs filed by the Alabama State Docks Department does not justify the conclusion that the Commission did not consider that it had such authority under the provisions of § 103, Title 48, *supra*. For aught appearing, the tariffs previously filed were in accord with the Commission's views.

■ The appellant, the Alabama State Docks Department, contends that the trial court erred in denying its motion to dissolve, even though the Commission has authority to suspend and disapprove of increased rates fixed by the Alabama State Docks Department for the use of its railway facilities in that the statutes of this state spell out the procedure for the suspension and ultimate disapproval of increased rates fixed by utilities, including a transportation company, and the Commission failed to resort to that procedure in regard to the rates fixed in Supplement 19, but instead sought injunctive relief.

Sections 53 and 54, Title 48, *supra*, read:

"§ 53. Changes of rates; notice of, how made.—Whenever a utility desires to put in operation a new rate or service regulation or to change any existing rate or service regulation, it shall file with the commission a new schedule embodying the same, not less than thirty days prior to the time it desires to make the same effective; but the commission may, upon application of the utility, prescribe a less time within which the same may be made effective. In the absence of suspension or disapproval by the commission, as herein provided, the new rate or service regulation, embodied in any such new schedule shall become effective at the time specified in such schedule, subject however to the power of the commission at any time thereafter to take any action respecting the same authorized by this title.

"§ 54. Suspension of schedule of rates by commission.—To enable it to make such investigation as, in its opinion, the public interest requires, the commission, in its discretion, for a period not exceeding sixty days may suspend the operation of any new schedule of rates or service regulations filed with the commission. Unless as a result of its investigation, the commission otherwise orders before the termination of such period of sixty days, such rate or service regulation shall thereupon become effective. The commission may make any order in the premises which it is authorized by any of the provisions of this title to make in any investigation or complaint, or on its own motion without complaint. Under this section the commission may act, with respect to rates and service regulations of any utility prior to a valuation of the property of the utility affected."

As far as the record before us discloses, the Commission did not take any action on Supplement 19 under the two sections quoted above prior to instituting this proceeding.

If the Commission had followed those sections, its action taken thereunder could have been reviewed on appeal as provided in § 79, Title 48, *supra*.

But Case No. 16151 was pending before the trial court wherein the right of the Commission to regulate and disapprove of rates fixed by the Alabama State Docks Department in its Supplement 14 was directly involved.

While that question was pending, the Alabama State Docks Department filed with the Commission Supplement 19 showing an additional increase.

True, Supplements 14 and 19 involve different facts, different time periods, and in a sense are separate and distinct matters. But they both brought into focus the common question of the right of the Commission to suspend and disapprove of the rates therein fixed by the Alabama State Docks Department.

Consequently, we think it was not improper for the trial court to render its decree of August 10, 1970, which we have treated as a writ of injunction, although under ordinary circumstances the Commission should follow the procedure prescribed by the statutes quoted above and not seek injunctive relief in matters of this kind.

What has been said above disposes of the argument made in support of appellant's Assignments of Error 3 and 4, which are to the effect that the trial court erred in rendering the decree of August 10, 1970.

Assignment of Error No. 2 has not been argued.

This court is not in a position where it can now determine what action, if any, the Commission took in regard to Supplement 19.

The decree of the trial court is affirmed.

The foregoing opinion was prepared by Thomas S. Lawson, Supernumerary Associate Justice of this court, and was adopted by the Court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.