(89 South. 493)

**TIPPETT v. HARDY, Sheriff, et al.**
(5 Div. 799.)

(Supreme Court of Alabama. June 30, 1921.)

**Sheriffs and constables ⬤⇒159—Limitation applicable to motion for summary judgment on bond, stated.**

The limitation applicable to motion under Code 1907, § 5910, for summary judgment against a sheriff and the surety on his official bond for failure to execute a process in garnishment, is that prescribed by sections 4834 and 4835, for motions and other actions against sheriffs and their sureties for nonfeasance in office, ten years for the sheriff, and six years for the surety, and not section 4840, prescribing a limitation of one year for actions qui tam or for a penalty given by statute; section 5900 not preventing a different limitation as to the sheriff and his sureties.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Motion by T. J. Tippett against J. R. Hardy, as sheriff, and his official bond, for summary judgment for failure to levy a garnishment. From a judgment sustaining demurrers to the information, complainant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed, rendered, and remanded.

J. W. Batson, of Rockford, and S. J. Darby, of Alexander City, for appellant.

The motion is governed by section 4034 or 4835, Code 1907, and the statute of limitations of one year does not apply.

Felix L. Smith & Sons and Henry A. Teel, all of Rockford, for appellees.

The motion falls exactly within section 4840, Code 1907, as the motion is highly penal, and must be against both principal and surety. 37 Ala. 494; section 5900, Code 1907.

SOMERVILLE, J. The appellant filed his motion for a summary judgment against the appellee, as sheriff of Coosa county, and the surety on his official bond, for the damages authorized on such a motion by section 5910 of the Code, for the sheriff's failure to execute process in garnishment, which by due diligence could have been executed. The default complained of occurred after October 4, 1916, and the motion was filed on September 17, 1920.

The trial judge sustained the eleventh ground of the defendant's demurrer to the motion, viz. that it appears upon its face to have been barred by the statute of limitations of one year. The limitation in the mind of the trial court was subdivision (3) of section 4840 of the Code:

"Actions qui tam, or for a penalty given by statute to the party aggrieved, unless the statute imposing it prescribes a different limitation"—to be brought within one year.

We think the application of this limitation to this motion was clearly erroneous. Section 4834 of the Code prescribes a limitation of ten years for:

"(3) Motions and other actions against sheriffs, * * * constables, and other public officers, for nonfeasance, misfeasance, or malfeasance in office."

And section 4835 prescribes a limitation of six years for:

"(7) Motions and other actions against the sureties of any sheriff, coroner, constable, or any public officer. * * *"

These provisions, ex vi terminorum, include motions like the one before us, which are not qui tam actions, or actions for a penalty within the meaning of subdivision (3) of section 4840. It is of no significance that different limitations are prescribed as against these motions, in favor of the officer and of his sureties.

Section 5900 of the Code, in declaring that judgment on these motions "must be rendered against such of the parties, whether prin-

cipal or surety, as may have received notice of the intended motion," does not forbid the separate operation of the appropriate statutes of limitation in favor of the principal and his sureties, and of course does not for such a reason forbid their application to itself. If the ten and six year limitations referred to do not govern this motion, and the motions on other similar grounds prescribed by the same chapter of the Code, they would have no field of operation whatever as to the officers named.

The demurrer should have been overruled, and the judgment sustaining it will be reversed, and one will be here rendered as indicated.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.