George **JOHNSON**, Plaintiff,

v.

Howard **YEILDING**, Charles A. Long, Dan. R. Hudson, individually and as Members of the Personnel Board of Jefferson County, Alabama, et al., Defendants.

**Civ. A. No. 9043.**

United States District Court
N. D. Alabama, S. D.

July 2, 1958.

Orzell Billingsley, Jr., and Oscar W. Adams, Jr., Birmingham, Ala., for plaintiff.

W. Gerald Stone, of Huey, Stone & Patton, Bessemer, Ala., for defendants.

GROOMS, District Judge.

This is a "civil rights" suit. Jurisdiction of the Court is invoked under

Title 28 U.S.C.A. §§ 1331 and 1343(3). Plaintiff charges a violation of the equal protection and privileges and immunities clauses of the Fourteenth Amendment to the United States Constitution and Title 42 U.S.C.A. § 1981. Relief is sought under Title 42 U.S.C.A. § 1983, and the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201 and 2202.

This action was filed by George Johnson, a Negro citizen of Jefferson County, Alabama, on behalf of himself and others similarly situated. The defendants, Yeilding, Long and Hudson, are sued individually and as members of the Personnel Board of Jefferson County, Alabama, and the defendant Mullins is sued individually and as Director of said Personnel Board. Defendant Yeilding resigned from the Board effective May 20, 1958. Plaintiff has moved to substitute Henry P. Johnston who became a member of the Board on May 29, 1958.

The plaintiff charges that the defendants, acting illegally, but under color of law, statutes, regulations, customs and usages of Jefferson County and the State of Alabama, have deprived him of his privileges and immunities and of the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and of the laws of the United States, in that, the defendants have denied him, solely because of his race and color, the right to apply for and to take the examination for the position of police patrolman for the City of Birmingham.

The defendants interposed, among other defenses, the Alabama one-year statute of limitations.[1]

The case was submitted to the Court on the motions to dismiss and on the merits.

### Findings of Fact

1. Following the issuance of a bulletin by the defendants requesting applications for examination for police patrolman for the City of Birmingham, and on August 20, 1956, plaintiff sought to make application for the examination and made a $1.50 application fee deposit, and asked leave to stand the examination on Monday, August 27, 1956. On the following day, Mr. Mullins advised the plaintiff that he did not possess all the entrance requirements prescribed in the examination announcement for police patrolman for the City, and returned his deposit.

2. On August 29, 1956, plaintiff addressed a letter to Mr. Yeilding, the then Chairman of the Personnel Board, stating that he had been told by the Personnel Director that the qualifications specified in the examination announcement were applicable to white males only. In this letter he referred to the fact that on August 27, 1956, he had appeared at the office of the Personnel Board and was again "refused admission to the examination." He requested a "Board Ruling" on whether or not he would be permitted to take the examination the following Monday morning. On August 30, Mr. Mullins acknowledged receipt of the letter of August 29 and stated that the Personnel Board would not hold another meeting before the specified date.

3. On September 5, Mr. Mullins wrote plaintiff that his letter of September 3, 1956,[2] requesting the Personnel Board to rule as to whether or not he would be allowed to take the examination on September 10, 1956, was considered by the Personnel Board at their meeting of September 4, and that the Board affirmed the previous actions of the Director in regard to this matter.

4. On October 15, 1956, plaintiff filed a bill in the Circuit Court of Jefferson County, Alabama, in Equity, for a declaratory judgment. Relief was denied and an appeal was taken from this decision, and on January 23, 1958, the deci-

---

1. "Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enu- merated." Alabama Code 1940, Title 7, Section 26.

2. This letter has been misplaced.

sion was affirmed.[3] The Supreme Court held that the bill did not show a justiciable controversy, since the Board had acted judicially on a matter on which it was authorized by law to act and that a declaratory judgment action was not available to review the ruling of the Board in such event.

5. This action was commenced April 21, 1958.

6. The announcement for the examination for police patrolman[4] stated as an entrance requirement that "Applicants must be white."[5]

7. Under the rules and regulations of the Personnel Board, taking an examination and being certified as eligible for employment by the Personal Director are prerequisites to consideration for appointment as a police patrolman. When an applicant successfully passes the examination, he is placed on the list of eligibles for the position for which he has made application.

Conclusions of Law

1. The Court has jurisdiction of the parties and of the subject matter of this action.

2. This suit arises under the Constitution and laws of the United States and seeks redress for the deprivation of civil rights guaranteed by the Fourteenth Amendment to the Constitution of the United States.

█ 3. This action is properly brought as a class suit under Rule 23(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in as far as it challenges the refusals to furnish application forms for the examination for police patrolman to other than white applicants and in as far as it challenges the denial to such others the right to take the examination and to be placed on the eligible list, solely on account of their race and color. Otherwise, plaintiff and those similarly situated are to be treated as individuals and not as a class. Carson v. Warlick, 4 Cir., 238 F.2d 724.

█ 4. Since there is no showing that Henry P. Johnston, who is sought to be substituted, has adopted or continues or threatens to adopt or continue the action of his predecessor as required by Rule 25(d), the motion for substitution will be overruled.

█ 5. Actions under the Civil Rights Act are governed by the applicable state statutes of limitations. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 908; Wilson v. Hinman, 10 Cir., 172 F.2d 914; Mohler v. Miller, 6 Cir., 235 F.2d 153; Francis v. Lyman, D.C.Mass., 108 F.Supp. 884.

There is an Alabama statute[6] which bars "motions and other actions against sheriffs, coroners, constables, and other public officers, for nonfeasance, misfeasance or malfeasance in office," not commenced within ten years.

The Personnel Director and members of the Board are public officers,[7] and unless the quoted statute is applicable as plaintiff contends, this action is barred by the one-year statute.

As noted in the Findings of Fact, the Supreme Court of Alabama determined that the Board acted judicially. The Director was a party in that case. The judgment was affirmed as to him as well as to the Board.

3. Ala., 100 So.2d 29.

4. As well as for clerks and juvenile supervisor.

5. The law requires the Personnel Director to "prepare and submit to the board for its consideration and approval such forms, rules and regulations as are necessary to carry out the provisions of this subdivision, including the rules governing examinations * * *" and provides that "Such rules and regulations must be approved by a two-thirds majority of the personnel board before becoming effective after which they shall have the force and effect of law * * *." (Code of Alabama 1940, T. 62, § 330(32) Supp.)

6. Title 7, § 20, Code of Alabama 1940.

7. See State ex rel. Haas v. Stone, 240 Ala. 677, 200 So. 756.

■ A review of the Civil Service Act reveals that the Director is vested with certain judicial powers and that in ruling upon an applicant's eligibility and qualifications, he acts judicially.[8] In the Court's opinion he so acted in this case. Even though the Director and the Board acted erroneously, as long as they were acting judicially concerning a matter as to which they had authority to act,[9] it cannot be said that they were guilty of misfeasance or malfeasance in office within the purview of the quoted statute.

The Court has not overlooked plaintiff's contention that since he seeks equitable relief in the enforcement of a federally-created right the state statutes of limitation are without application. He relies on Cyclopedia of Federal Procedure, Third Edition, § 15.624, and Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 584, 90 L.Ed. 743, 162 A.L.R. 719.[10] The Court noted in the Holmberg case that:

"The present case concerns not only a federally-created right but a federal right for which *the sole remedy is in equity*. Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160; Christopher v. Brusselback, 302 U.S. 500, 58 S.Ct. 350; Russell v. Todd, 309 U.S. 280, 285, 60 S.Ct. 527, 530, 84 L.Ed. 754." (Emphasis supplied.)

In Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602, which involved actions by the receiver of an insolvent national bank against its shareholders to enforce the statutory double liability imposed by the federal statutes, the Court said:

"Even though these suits are in equity, the states' statutes of limitations apply. For it is only the scope of the relief sought and the multitude of parties sued which give equity concurrent jurisdiction to enforce

the legal obligation here asserted. And equity will withhold its relief in such a case where the applicable statute of limitations would bar the concurrent legal remedy. Russell v. Todd, 309 U.S. 280, 289, 60 S.Ct. 527, 532, 84 L.Ed. 754 and cases cited. See, also, Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Holmberg v. Armbrecht, 327 U.S. 392, 395, 396, 66 S.Ct. [582, 584, 585, 587] 90 L.Ed. 743 * * *

"* * * Moreover, limitations on federally created rights to sue have similarly been considered to be governed by the limitations law of the state where the crucial combination of events transpired. Seaboard Terminals Corp. v. Standard Oil Co., D.C., 24 F.Supp. 1018, Id., 2 Cir., 104 F.2d 659; Bluefields S. S. Co. v. United Fruit Co., 3 Cir., 243 F. 1, 19–20. See Campbell v. City of Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280; Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 66, 51 L.Ed. 241."

An analogous situation to that here presented was presented in McCaleb v. Fox Film Corp., 5 Cir., 299 F. 48, 50, and was disposed of in the following pronouncement:

"* * * The present copyright statute (35 Stat. 1075, Comp.St. § 9517 et seq.) contains no provision as to the time within which remedies for infringement must be prosecuted. This being so, actions at law for infringement of copyright are governed by the limitation prescribed for the class of actions to which they belong by the law of the state in which the action is brought. Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109. *Courts of equity, in cases of concurrent jurisdiction,*

8. See Sections 330(32), (33), (36).

9. See cases under Note 51 to Section 1983 of Title 42 U.S.C.A., as to immunity of judges and persons acting in quasi-judicial positions in actions under the Civil Rights statutes.

10. See also Moore's Federal Practice, 2nd Ed. par. 3.07(3).

*consider themselves bound by the statutes of limitation which govern actions at law.* Baker v. Cummings, 169 U.S. 189, 18 S.Ct. 367, 42 L.Ed. 711.

"This suit invoked the exercise of a concurrent jurisdiction, in that it sought a recovery of damages suffered due to the alleged infringement. For the recovery of such damages appellant had a remedy at law in an action for damages. 38 Stat. 113 (Comp.St. § 9526). *The suit was not kept from being one which involved the exercise of a concurrent jurisdiction, with the result of making the state limitation or prescription law applicable, by the circumstance that it sought, in addition to an award of damages, the granting of equitable remedies, an accounting and an injunction, as means of better enforcing the purely legal right to damages for infringement.* Hall v. Law, 102 U.S. 461, 26 L.Ed. 217; 21 Cyc. 252, 254. \* \* \*" (Emphasis supplied)

Clearly an action at law lies to recover damages under the statutes here involved as to which the state statute of limitation is applicable. In Russell v. Todd, 309 U.S. 280, 289, 60 S.Ct. 527, 532, 84 L.Ed. 754, it was declared:

"Even though there is no state statute applicable to similar equitable demands, when the jurisdiction of the federal court is concurrent with that at law, or the suit is brought in aid of a legal right, equity will withhold its remedy if the legal right is barred by the local statute of limitations."

█ This is not a case of exclusive equity jurisdiction instituted to enforce rights cognizable only in equity.

The Court, therefore, concludes that this action is barred by the one-year statute of limitations,[11] and judgment will be entered accordingly.

---

11. The Alabama statutes of limitation "apply to and govern both courts of law and courts of equity, whether the claim asserted be legal or equitable debts or obligations." Title 7, § 31, Code of Alabama 1940.