**Jim BEARD and Hubbard Beard, Appellants,**

v.

**Melvin STEPHENS et al., Appellees.**

**No. 23134.**

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1967.

Jim Beard and Hubbard Beard, in pro. per.

Thomas H. Boggs, Linden, Ala., David W. Clark, Robert P. Bradley, Asst. Attys. Gen. of Ala., Montgomery Ala., Robert P. Upchurch, Livingston, Ala., Richmond M. Flowers, Atty. Gen. of Alabama, Montgomery, Ala., for appellees.

Before RIVES, GEWIN, and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

This is an action for damages under 28 U.S.C.A. § 1343, filed pro se by two inmates of Kilby Prison, Alabama, for alleged wrongs claimed to arise under the Civil Rights Acts.[1]

Appellants allege the following. On or about June 14, 1963, appellee Stephens, chief deputy and acting sheriff of Sumter County, Alabama, did "in collusion with" appellees King, Major Cameron, Hugh Cameron and Windle "arbitrarily and capriciously enter into a conspiracy" prohibited by Tit. 14, §§ 99–103, Code of Alabama,[2] and 42 U.S.C.A. § 1985 "to unlawfully deprive your plaintiffs of an arrest in the due process of law" as guaranteed by state statutes and Constitution and the 5th, 6th, and 14th Amendments to the United States Constitution. The sheriff learned that appellants planned to burglarize a store belonging to appellee Hugh Cameron and "authorized and deputized" Major Cameron, Hugh Cameron, and Windle to arrest appellants during commission of the crime or alternatively at their discretion to shoot the appellants down during commission of the crime if they wished. Several hours later appellants attempted to burglarize the store and were shot down by Major Cameron and Windle, without warning that an arrest was being attempted and without request to stop.[3]

It is charged that Stephens, Major Cameron and Windle acted wrongfully under color of office. There are no factual allegations supporting the conclusory claim that King, an Alabama State Highway Patrolman, was a part of the alleged conspiracy, nor is Hugh Cameron charged to have been connected with the shooting of the appellants in any manner other than that he owned the burglarized store, was deputized and was a participant in the conspiracy.

There is a separate claim against Stephens only, of "negligence and dereliction of duty" in that he knew beforehand that appellants were going to commit a burglary and did not perform his duty by arresting them, "as required in the due process of law." There is another separate claim against Judge Emmett F. Hildreth, Judge of the Circuit Court of Sumter County, charging he unconstitutionally committed appellants to an Alabama prison hospital.

After being arrested, appellants were taken to a local hospital and three days later were ordered transferred to the hospital at Kilby Prison by Judge Hildreth, pursuant to Title 45, § 129, Code of Alabama.[4] Subsequently ap-

---

1. Appellants specifically refer only to 42 U.S.C.A. § 1985. However, because of the breadth of their claims we consider them as under § 1983 also.

2. These are Alabama criminal statutes under the Conspiracy chapter of Tit. 14 dealing with "Crimes and Offenses." One of the types of conspiracy defined as a felony is that of conspiring to commit an assault on another with intent to murder or to maim.

3. Under Alabama law, an officer may use reasonable force to arrest one discovered committing a felony, but is not privileged to use more force than necessary to accomplish the arrest. Jones v. Daniel, 34 Ala.App. 490, 41 So.2d 627 (1949); Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794 (1928). The same rule applies when the person making the arrest is not a police officer. Suell v. Der-

ricott, 161 Ala. 259, 49 So. 895, 23 L.R.A., N.S., 996 (1909). An officer arresting without a warrant must inform the suspect of the officer's authority and the cause of the arrest. Tit. 15, § 155, Code of Alabama (1958 Recompilation). The statute expressly makes an exception, however, when the suspect is "arrested in the actual commission of a public offense"; then failure to give the information will not subject the arresting officer to civil liability. Rutledge v. Rowland, Ala., 1909, 161 Ala. 114, 49 So. 461.

4. § 129. "Removal of prisoners in ill health.—When the life or health of any prisoner, who is not confined under process from any court of the United States, may be seriously endangered by longer confinement in jail, and that fact is made to appear clearly to any circuit judge, or to the judge of the county court of the county, such judge must, by an order

pellants, represented by counsel of their choice, pleaded guilty to two charges of burglary, and each received a sentence of eighteen years.

On May 6, 1965, the present suit was filed. Judge Hildreth was joined on the ground that Tit. 45, § 129 is unconstitutional in that it imposed cruel and unusual punishment and subjected appellants to imprisonment before trial. It is charged that Judge Hildreth acted under color of office and arbitrarily, that his action deprived appellants of due process and equal protection, and that it resulted in appellants being held virtually incommunicado.

Judge Hildreth moved for dismissal on a number of grounds including no cause of action, misjoinder of causes of action, and that it affirmatively appeared he was performing a duty imposed by law. The motion was granted, but the court did not indicate its reason.

The other appellees then moved for dismissal on various grounds, including that the one-year statute of limitations provided by Tit. 7, § 26, Code of Alabama, applied and that it had run.[5] Their motion was granted on the sole ground that the one-year statute had run. Appellants were given 15 days to amend to state more precisely the date of the acts complained of but they did not do so. They now appeal from the orders of dismissal.

With respect to claims against appellees other than Judge Hildreth we must decide whether appellants' complaint is governed by Tit. 7, § 26, the one-year statute, or Tit. 7, § 21,[6] the six-year statute.

Neither in the Civil Rights Acts (42 U.S.C.A. § 1983 and 1985) nor elsewhere in the federal statutes is there an applicable limitation provision.

Congress has created many federal rights without prescribing a period for enforcement. In such cases the federal courts borrow the limitations period prescribed by the state where the court sits. The applicable period of limitations is that which the state itself would enforce had an action seeking similar relief been brought in a court of that state. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Jackson v. Duke, 259 F.2d 3 (5th Cir., 1958); Swan v. Board of Higher Education, 319 F.2d 56 (2d Cir., 1963); Moviecolor Limited v. Eastman Kodak Company, 288 F.2d 80, 90 A.L.R.2d 252 (2d Cir.), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961); Annot., 98 A.L.R.2d 1160 (1964); Annot., 90 A.L.R.2d 265 (1963).

We must look at both federal and state law to determine whether the borrowed period has run. We look first to federal law to determine the nature of the claim and then to state court interpretations of the state's "statutory catalogue" to see where the claim fits into the state scheme. Moviecolor Limited v. Eastman Kodak Company, supra. The problem is a two-step one—first, what under federal law is the "essential nature" of the claim, and second, what statute of limitations would the state courts hold applicable to this type or class of claim. Bertha Building Corp. v. National Theatres Corp., 269 F.2d 785 (2d Cir., 1959), cert. denied, 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542 (1960).

The complaint charges several things as to the defendants other than Judge Hildreth: (1) Conspiracy between Sheriff Stephens, Highway Patrolman King, Major Cameron, Hugh Cameron and Windle, prohibited by both an Alabama statute (Tit. 14, §§ 99–103) and 42 U.S.C.A. § 1985. (2) Negligence and dere-

---

in writing, direct the sheriff or jailer to remove him to some suitable place, or hospital, as near as may be to the jail, and there safely keep him until his health is sufficiently restored to authorize his recommitment to jail."

5. "The following must be commenced within one year. * * * Actions for any

injury to the person or rights of another, not arising from contract, and not herein specifically enumerated."

6. "The following must be commenced within six years: Actions for any trespass to person or liberty, such as false imprisonment, or assault and battery."

liction of duty by the sheriff in failing to arrest plaintiffs before they committed the crime. (3) That the sheriff deputized Windle and the Camerons and authorized them to arrest plaintiffs or shoot them during commission of the crime, and that acting under color of authority Major Cameron and Windle shot appellants.

In determining the "essential nature" of these claims we are bound to bear in mind that the plaintiffs filed their complaint pro se. "[W]here a plaintiff pleads pro se in a suit for the protection of civil rights the court should endeavor to construe the plaintiff's pleadings without regard for technicalities." Picking v. Pennsylvania R. Co., 151 F.2d 240 (3rd Cir., 1945), cert. denied, 332 U.S. 776, 68 S.Ct. 38, 92 L.Ed. 361 (1947).

Claim (3), against the sheriff and Major Cameron and Windle, acting as deputies, is clearly governed by Tit. 7, § 21. An action against a sheriff for a wrongful wounding by his deputies during an arrest constitutes a cause of action in trespass, and the six-year statute applies, on the theory that a deputy acting under color of office is one and the same public officer as (or the alter ego of) the sheriff. Holland v. Fidelity & Deposit Co. of Maryland et al., 225 Ala. 669, 145 So. 131 (1932).

Claims (1) and (2) are governed by the one-year statute. At common law a writ of conspiracy existed as a distinct action and applied when a conspiracy was formed to prosecute an individual on a false charge of treason or felony. When by statute malicious prosecution was made an actionable wrong the writ was still used, the allegation of conspiracy being treated as surplusage. 1 Street, Foundations of Legal Liability 328–329 (1906). The writ also developed into an appropriate remedy for a conspiracy to commit other wrongs, but has since given way to an action on the case for conspiracy. Id. at 372; Cooley on Torts, § 74, pp. 237–238 (4th Ed. 1932).

Thus an action on the case is the appropriate action for conspiracy to commit a tortious act, although "[o]wing to its rare character, the law regarding this kind of an action has not been well defined * * *." Porter v. Mack, 1901, 50 W.Vir. 581, 40 S.E. 459, 460. The conspiracy claim enables a plaintiff to obtain relief against those he could not otherwise connect with the wrong. Porter v. Mack, supra. Alabama has adopted this position. Gaines v. Malone, 244 Ala. 490, 13 So.2d 870 (1943); National Park Bank of New York v. Louisville & N. R. Co., 199 Ala. 192, 74 So. 69 (1917).

The Alabama courts hold the choice between Secs. 21 and 26 depends upon whether the wrongful act alleged is a trespass or trespass on the case. Smith and Gaston Funeral Directors v. Dean, 262 Ala. 600, 80 So.2d 227 (1955). The distinction is peculiarly applicable here. Appellants' claim of liability against Major Cameron and Windle rests on trespass—they are the actors charged with committing bodily injury— and the claim against the sheriff rests in trespass, if the two actors were deputized and acting under color of office (Holland v. Fidelity and Deposit Co. of Maryland, supra). But appellants' claim is much broader than trespass. They seek to catch in their sweep Highway Patrolman King (who is not charged with being a participant in the shooting or with being a deputy), Hugh Cameron (who it is alleged was deputized but is not alleged to have participated), and the sheriff (without regard to whether the alleged participants were authorized or deputized). They cannot seek these areas of relief, bringing in additional parties and broadening the liability of the parties charged with trespass, all on the ground of conspiracy, without the application to this broader claim of the statutory period that the courts of Alabama would apply in a conspiracy case. The conspiracy aspect is an action on the case to which the one-year statute applies.

We are not dealing with semantics. Having defined the "essential nature" of appellants' claim in all its aspects, and having looked then to the Alabama law we find the claim barred in some aspects by the one-year statute and in others not barred. Federal policy neither requires nor allows the federal courts to define the nature of the action in one mold for purposes of determining the statutory period and another mold for determining what parties are liable and for what. With respect to conspiracy and to negligence, the appellants seek relief which is barred.[7]

■ The separate claim against the sheriff charging negligence in not arresting appellants before they committed the crime sounds in case only, hence falls within the one-year statute. Metropolitan Cas. Ins. Co. of N.Y. v. Sloss-Sheffield, etc., Co., 241 Ala. 545, 3 So.2d 306 (1941). In any event, this plainly does not state a claim upon which relief can be granted. "There is no constitutional right to be arrested." Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374, decided Dec. 12, 1966.

■ The dismissal as to Judge Hildreth is affirmed. At common law judges are protected from civil liability for judicial actions done under color of office if they have jurisidiction, even if the acts are done under authority of unconstitutional statutes. 30A Am. Jur., Judges, § 79, p. 50. The common law immunity of judicial officers applies in actions for damages brought under the Civil Right Acts as in this case. Gay v. Heller, 5th Cir., 1958, 252 F.2d 313.[8] Thus, since Judge Hildreth's actions were within the scope of Title 45, § 129, he may not be held for civil damages under the Civil Rights Acts.

■ Appellants also claim as error the failure of the District Court to appoint an officer of the court to aid them in taking discovery depositions. The granting of leave to proceed in forma pauperis does not carry with it any such affirmative assistance from the court in the conduct of this civil case.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

7. Compare the cases in which the issue is whether under the liberal rules of pleading we have above referred to a claim is stated upon which relief can be granted, as Lewis v. Brautigam, 227 F. 2d 124, 55 A.L.R.2d 505 (5th Cir., 1955). Here we accept that the pleadings have stated claims of conspiracy, trespass and negligence, and rule accordingly. In Wakat v. Harlib, 253 F.2d 59 (7th Cir., 1958) plaintiff sued for damages under §§ 1983 and 1985, claiming illegal arrest and detention, physical beating by defendants and a conspiracy between defendants in the language of § 1985. Defendants claimed the suit was barred by the Illinois two-year statute reading:

"Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued."

The 7th Circuit held that the § 1983 and the § 1985 claims, as statutory rights of action, were under the Illinois six-year statutes as "civil action[s] not otherwise provided for".

If we followed that broad approach the claims of appellants all would fall within the Alabama one-year statute. Our view is that a procedure which as the first step of the two-step analysis characterizes the claim simply as a "statutory cause of action" does not meet the requirement of establishing the "essential nature" of the claim.

8. Cf., action against a judge of a preventive nature. United States v. Clark, 249 F. Supp. 720, 727, 728 (S.D.Ala., 1965).