**L. B. BOSHELL, Plaintiff-Appellant,**

**v.**

**ALABAMA MENTAL HEALTH BOARD et al., Defendants-Appellees.**

No. 72-3506.

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1973.

Jack R. Evans, Tuscaloosa, Ala., for plaintiff-appellant.

John Coleman, Jr., James P. Alexander, Birmingham, Ala., J. Jerry Wood, Asst. Atty. Gen., Robert L. Humphries, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

PER CURIAM.

Boshell brought an action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, claiming that he was discharged from his position as an aid at the Bryce Hospital, an institution operated by the Alabama Mental Health Board, for constitutionally impermissible reasons. He asserted that his discharge arose from the exercise of his First Amendment rights in actively seeking passage of certain legislation which was opposed by the hospital administration.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

The trial court determined that the action was barred by the one year statute of limitations, Ala.Code, Title 7, § 26 (1958), which provides in pertinent part as follows:

"The following must be commenced within one year: * * *

"Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated."

Appellant argues that his claim should be governed by Alabama's six year limitations statute applicable to contractual claims.

■ Since § 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose. Sewell v. Grand Lodge of Int. Ass'n. of Mach. & Aero Wkrs., 445 F.2d 545 (5th Cir., 1971), cert. denied 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972); O'Sullivan v. Felix, 233 U. S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914).

■ The essential nature of the allegations contained in the complaint determine which state limitation period will govern.

■ The gravamen of Boshell's complaint, both as originally filed and subsequently amended, was the interference under color of state law with a constitutionally protected right, not the breach of a contractual obligation.

Under the circumstances of this case the lower court correctly applied Alabama's one year statute of limitations.

■ Appellant urges that seeking administrative review of his discharge tolled the running of the limitation period. We need only note that appellant failed to exercise due diligence in pursuit of his administrative remedies before filing the present action. A lackadaisical attempt to vindicate one's personal rights will not serve to toll the limitation period.

The judgment of the district court is affirmed.