Glenn PENNICK et al.,
Plaintiffs-Appellants,

v.

CITY OF FLORALA et al., etc.,
Defendants-Appellees.

No. 75–3521
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 12, 1976.

Michael A. Figures, J. U. Blacksher, Mobile, Ala., Henry Sanders, Selma, Ala., for plaintiffs-appellants.

Allen E. Cook, Andalusia, Ala., for City of Florala, and others.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Cas. Co.,* 431 F.2d 409 (5th Cir. 1970) (pt. I).

James T. Pons, Sp. Asst. Atty. Gen. of Ala., Montgomery, Ala., for State of Ala. and others.

Frank McGill, Dist. Atty., 22nd Judicial Circuit, Covington County, Andalusia, Ala., for J. B. McDonald and others.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

■ This case involves a challenge to the installation and operation of a sanitary landfill in the plaintiffs' neighborhood in Florala, Alabama. The plaintiffs advance an equal protection claim, alleging that the landfill site was selected on the basis of race, and due process claims based on the lack of notice or opportunity to be heard prior to a change in zoning or to the initiation of garbage disposal operations at the landfill. After a trial on the merits, the district court found as a fact that the landfill site was not selected on the basis of race, and he consequently dismissed the equal protection claim. His finding of fact is not clearly erroneous, and we affirm. The district court also concluded that any claims under 42 U.S.C. § 1982 or § 1983 based on procedural due process violations were barred by the applicable Alabama statute of limitations, Ala.Code Ann. Title 7, § 26. As this court made clear in another Alabama civil rights case, *Beard v. Stephens,* 372 F.2d 685 (5th Cir. 1967), the choice between the one-year statute of limitations in § 26 and the six-year statute of limitations in § 21 depends on whether the wrongful act alleged is a trespass or trespass on the case. We agree with the district court's determination that the due process claims advanced here are more properly analogous to claims of trespass on the case. Hence we also agree with the district court's conclusions that a one-year statute of limitations is applicable and that plaintiffs'

due process claims are therefore time-barred.

■ Plaintiffs also contend that the installation and operation of the sanitary landfill is actionable under several theories of Alabama law. The district court apparently believed that all of plaintiffs' claims accrued in May 1973, when the landfill commenced operations, and that the state law claims were therefore also barred by the applicable one-year statute of limitations. To the extent that plaintiffs attack the initiation of the landfill, we agree for the reason discussed above. But to the extent that plaintiffs challenge the continued operation of the landfill, the district court erred. *See Bradley & McWhirter, Inc. v. Conklan,* 278 Ala. 395, 178 So.2d 551 (1965).

■ However, the district court's judgment in favor of the defendants on those state law claims involving the continued operation of the landfill is properly affirmed on another ground. Under Alabama law, a city's operation of a garbage disposal facility is not subject to damage claims or injunctive relief unless the city either exceeds its authority or performs its function negligently. *City of Birmingham v. Scogin,* 269 Ala. 679, 115 So.2d 505 (1959); *City of Bessemer v. Chambers,* 242 Ala. 666, 8 So.2d 163 (1942). The district court in this case found that the landfill was not negligently operated, and this finding is not challenged on appeal. Nor is the operation of the facility in excess of the city's authority. The continued operation of the facility, as opposed to its construction, obviously does not deprive plaintiffs of the procedural due process guarantees of notice and an opportunity to be heard. The operation of the facility in a neighborhood zoned for residential use is not in excess of the city's authority because municipal operation of a sanitary landfill is not subject to its own zoning. *See City of Birmingham v. Scogin, supra.* The district court's disposition of plaintiffs' claims based on the continued operation of the landfill was proper, then, not because they were barred but be-

**1244**

cause plaintiffs failed to make them good.

Plaintiffs suggest that these principles of Alabama law may have been affected by the prospective alteration in the Alabama law of municipal immunity wrought by *Jackson v. City of Florence,* Ala., 320 So.2d 68 (1975). Since the rules on which we rely do not involve the line of authority or reasoning repudiated in *Jackson,* we believe that they remain good law.

AFFIRMED.