Thomas PRINCE, Plaintiff-Appellant,

v.

George C. WALLACE, Governor, et al., Defendants-Appellees.

No. 77-2621
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 3, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

The judgment of the District Court is affirmed on the basis of the Court's Order Granting Final Judgment (dated June 30, 1977) appended hereto.

## APPENDIX

THOMAS PRINCE, Plaintiff,

v.

GEORGE WALLACE, individually and in his official capacity as Governor of the State of Alabama; EARL MORGAN, individually and in his official capacity as District Attorney for Jefferson County, Alabama; WILLIAM BAXLEY, individually and in his official capacity as Attorney General for the State of Alabama, Defendants.

Civ. A. No. 77–G–0754–S

United States District Court,
N. D. Alabama, S. D.

June 30, 1977

## ORDER GRANTING FINAL JUDGMENT

GUIN, District Judge.

This cause came on to be heard on the motion of defendant Earl Morgan for summary judgment and on the motion of defendants George Wallace and William Baxley to dismiss. By previous order of this court, dated June 10, 1977, defendant Morgan's motion for summary judgment was set for submission on June 23, 1977. The only request for oral argument having been withdrawn, the court is of the opinion that the motion for summary judgment has been properly submitted to the court and that there is no need for delay in issuing final judgment in this cause. In support of their motions, all defendants allege that the statutes of limitation applicable to all causes of action plead by the plaintiff in his complaint have run and that plaintiff's action is therefore barred.

Roger C. Appell, Birmingham, Ala., for plaintiff-appellant.

George Hugh Jones, Deputy Dist. Atty., Birmingham, Ala., for Morgan.

Eric A. Bowen, Asst. Atty. Gen., Montgomery, Ala., for Wallace & Baxley.

Appeal from the United States District Court for the Northern District of Alabama.

■ The plaintiff's complaint affirmatively reveals that complete diversity of citizenship between the parties to this cause does not exist. Therefore, to support jurisdiction in this court, which is a court of limited jurisdiction, one must look to the federal cause or causes of action to determine whether the applicable statute of limitation has run with regard to those causes of action. Since all state causes of action are pendent to and dependent upon the federal causes of action, if the federal cause or causes of action are barred the complaint must be dismissed. Since Section 1983 does not contain a statute of limitation, reference must be made to the limitation periods prescribed by the state in which the litigation arose. *Sewell v. Grand Lodge of Int. Ass'n of Mach. & Aero. Wkrs.*, 445 F.2d 545 (5th Cir. 1971), *cert. denied* 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972). In determining which state limitation period will govern, the court must look to the essential nature of the allegations contained in the complaint. *Boshell v. Alabama Mental Health Board et al.*, 473 F.2d 1369 (5th Cir. 1973). The gravamen of Prince's complaint is the interference under color of state law with a constitutionally protected right, not the breach of a contractual obligation. Looking to the applicable statute of limitation contained in Title 7, § 26, Code of Alabama 1940 (Recomp.1958), that section provides as follows:

> § 26. *Limitation of one year.*—The following must be commenced within one year:
>
> *Actions for malicious prosecution.*
>
> Actions for seduction.
>
> Actions qui tam, or for a penalty given by statute to the party aggrieved, unless the statute imposing it prescribes a different limitation.
>
> Actions of libel or slander.
>
> *Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated.* [Emphasis added.]

Therefore, the applicable statute of limitation is one year.

■ The court must now determine when the statute of limitation began to run. Under the facts of the instant case, the court finds that the statute of limitation period began to run on the date of final denial of the State of Alabama's petition to the United States Supreme Court for a writ of certiorari to review the finding of the United States Court of Appeals for the Fifth Circuit that the plaintiff had been denied his sixth amendment right to a speedy trial and reversing and remanding the case to the district court with directions that a writ of habeas corpus be issued directing the plaintiff's discharge from custody. The writ of certiorari was denied by the United States Supreme Court on October 6, 1975. Application for reconsideration of the petition for writ of certiorari was finally denied on November 3, 1975. *Alabama v. Prince*, 423 U.S. 940, 96 S.Ct. 301, 46 L.Ed.2d 273 (1975). The court finds that the one-year statute of limitation began to run on November 3, 1975. The action before the court was not commenced until June 2, 1977; and, therefore, this action is barred as a consequence of failing to file on or before the expiration date of the statute of limitation.

■ Alternatively, the court finds that this action is due to be dismissed as to defendants Baxley and Morgan because the actions they are alleged to have taken and upon which the complaint is based against them fall within the purview of the doctrine of absolute prosecutorial immunity, as articulated by the United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). In *Imbler* the court held that a state prosecutor who acted within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case was absolutely immune from a civil suit for damages for alleged deprivations of the defendant's constitutional rights under 42 U.S.C. § 1983. Further, the court held that such absolute immunity from liability was applicable even where the prosecutor knowingly used perjured testimony, deliberately

withheld exculpatory information, or failed to make full disclosure of all facts casting doubt upon the state's testimony. Certainly the activity complained of in the instant case is not as egregious as the intentional utilization of falsified testimony alleged to have taken place in *Imbler.* The gravamen of the plaintiff's complaint centers upon the deprivation of his right to a speedy trial as guaranteed by the sixth amendment to the United States Constitution and of his right to be free from cruel and unusual punishment as guaranteed by the eighth amendment to the United States Constitution.

The court finds that there is no genuine issue as to any material fact relevant to the court's decision and that the moving party is entitled to a judgment as a matter of law.

Accordingly, it is ORDERED, ADJUDGED and DECREED that defendant Earl Morgan's motion for summary judgment is due to be and hereby is GRANTED, and judgment is hereby entered in favor of said defendant. It is further ORDERED that the motion to dismiss of defendants George Wallace and William Baxley is due to be and hereby is GRANTED. Costs are taxed against the plaintiff.