**NATHAN RODGERS CONSTRUCTION & REALTY CORP., Plaintiff-Appellant,**

**v.**

**CITY OF SARALAND, ALABAMA, a municipal corporation, et al., Defendants-Appellees.**

**No. 80–7670.**

United States Court of Appeals, Fifth Circuit.*
Unit B

Feb. 23, 1982.
Opinion on Denial of Rehearing.
See 676 F.2d 162.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Diamond, Lattof, Gardner, Pate & Peters, J. Cecil Gardner, Mobile, Ala., for plaintiff-appellant.

Richard L. Thiry, Mobile, Ala., for defendants-appellees.

R. Frank Ussery, Asst. Atty. Gen., Charles A. Graddick, Atty. Gen., Montgomery, Ala., for amicus curiae.

Before GODBOLD, Chief Judge, TJO-FLAT and THOMAS A. CLARK, Circuit Judges.

GODBOLD, Chief Judge:

The sole issue in this appeal is whether this suit, based on 42 U.S.C. § 1983 and brought by Nathan Rodgers Construction & Realty Corp. (Rodgers) against the City of Saraland, its mayor, and the members of its city council, was barred by the statute of limitations.

January 25, 1979 Rodgers was denied a sewer connection permit for its planned 16-unit apartment complex by the city council of Saraland, Alabama. In a state mandamus action filed February 15, 1979 the Alabama Supreme Court held the denial of the permit was arbitrary and capricious because the denial was based on a moratorium policy that had not been formally adopted. The court ordered the permit issued. *Pritchett v. Nathan Rodgers Construction & Realty Corp.*, 379 So.2d 545 (Ala.1980).

Rodgers brought the present action May 2, 1980, claiming an unconstitutional deprivation of property rights by the city council's denial of his permit and seeking declaratory and monetary relief for the delay in its issuance. The district court dismissed the suit as to all defendants ruling that it was barred by Alabama's one-year statute of limitations, Ala.Code § 6–2–39(a)(5).[1] Rodgers appeals, contending as it did below that Alabama's 10-year statute, § 6–2–33(3),[2] should govern.[3]

Because there is no federal statute of limitations covering § 1983 actions the "more analogous" state statute is applied. *Pennick v. City of Florala*, 529 F.2d 1242 (5th Cir. 1976). Choosing the more analogous statute of limitations involves issues of both state and federal law. The analysis proceeds on two levels. At the first level the question is how the action is to be characterized, that is, what is its "essential nature."[4] Here, federal law controls. *Beard v. Stephens*, 372 F.2d 685, 688 (5th Cir. 1967); *McMillan v. City of Rockmart*, 653 F.2d 907, 909 (5th Cir. 1981). At the second level, the issue is which statute of limitations would be applied to an action so characterized were the action brought in the state from which it arose. *Id.*

Here there is no dispute over the characterization of the action: it is a suit against a city, its councilmen and mayor for an asserted denial of property rights resulting

---

1. The relevant portion of the one-year statute reads:

   (a) The following must be commenced within one year:

   . . . .

   (5) Actions for any injury to the person or rights of another not arising from contract

   . . . .

   This statute has been interpreted to cover actions in the nature of trespass on the case, as opposed to trespass actions, which are governed by the six-year statute, Ala.Code § 6–2–34. *Beard v. Stephens*, 372 F.2d 685, 689 (5th Cir. 1967).

2. The relevant portion of the 10-year statute reads:

   The following must be commenced within 10 years:

   (3) Motions and other actions against sheriffs, coroners, constables and other public officers for nonfeasance, misfeasance or malfeasance in office.

3. Rodgers does not contest the district court's ruling that the statute began to run more than one year before this suit was filed, nor does it contest the ruling that the statute was not tolled. Therefore, we do not address these issues.

4. The characterization is more particularized than simply considering the suit a "statutory cause of action" or a "§ 1983 action." *Beard*, 372 F.2d at 690 n.7. Instead, the "essential nature" is found in the gravamen of each individual case.

from delay in the issuance of a sewer permit. The dispute centers on the state law issue, namely, which statute of limitations would Alabama courts apply to this action: the one-year statute governing actions for noncontractual injuries or the 10-year statute governing actions against public officers. *See* notes 1 & 2, *supra*. In prior §·1983 actions arising out of Alabama our cases have focused on whether the one-year versus the six-year statute applied. The majority of these cases have applied the one-year statute, *e.g. Prince v. Wallace*, 568 F.2d 1176, 1178 (5th Cir. 1978); *Ingram v. Steven Robert Corp.*, 547 F.2d 1260, 1263 (5th Cir. 1977); *Pennick, supra*, 529 F.2d at 1243; *Boshell v. Alabama Mental Health Board*, 473 F.2d 1369 (5th Cir. 1973), although in one case the six-year statute was applied, *Beard, supra*, 372 F.2d at 689. The application of the 10-year statute to § 1983 actions appears to be an issue of first impression in the Fifth Circuit,[5] for the issue has not been raised in any of our prior cases, even those brought against public officials. *See Rubin v. O'Koren*, 644 F.2d 1023 (5th Cir. 1980); *Dumas v. Town of Mount Vernon*, 612 F.2d 974 (5th Cir. 1980); *Prince, supra*, 568 F.2d at 1178; *Ingram, supra*, 547 F.2d at 1263; *Boshell, supra*, 473 F.2d 1368.

■ Alabama's 10-year statute governs "actions against sheriffs, coroners, constables and other public officers for nonfeasance, misfeasance or malfeasance in office." Ala.Code § 6–2–33(3). Initially, we reject the contention that this statute applies to actions against a city, and we focus on whether it applies to the defendant city councilmen and mayor.

On first reading the 10-year statute appears to apply here, for this is an action against described public officers for misfeasance or nonfeasance in office. There are several troubling aspects about the statute, however. First, it provides an uncommonly long period of limitation. Second, the specific enumeration of sheriffs, coroners, and constables as the public officials in whose favor the statute runs is rather quixotic. Third, and most remarkable, despite the statute's facially broad language only one Alabama case has been found that discusses the statute since its enactment in 1852. *Tippet v. Hardy*, 206 Ala. 309, 89 So. 483 (1921). Therefore, we approach with caution whether the 10-year statute would apply to this action if it were brought in Alabama.

The district court rejected a literal application of the statute. It reasoned that because under state law Alabama public officials are liable for mis, mal, or nonfeasance in only their ministerial actions, the statute could only be intended to apply to misconduct in an official's ministerial functions. *Accord, Johnson v. Yielding*, 165 F.Supp. 76, 80 (N.D.Ala.1958). There are several difficulties with this position. First, the ministerial functions argument is addressed more to the issue of liability than to the meaning and coverage of the statute of limitations. Under the analysis by which we select the proper statute of limitations, the issue is which period would apply were this case brought in a state court. Therefore, liability under state law is not relevant because it is presumed that liability potentially lies for the official actions at issue. It is possible that Alabama could construe mis, mal, or nonfeasance to mean dereliction of only ministerial duties, but this construction is not suggested by the language of the statute and Alabama courts have not yet reached this result.

A second difficulty with the ministerial functions argument is that, assuming the correctness of the interpretation of the statute, it is not clear that the issuance of a sewer permit[6] is a non-ministerial act. In

---

**5.** The statute has been rejected by one district court, *Johnson v. Yielding*, 165 F.Supp. 76, 80 (N.D.Ala.1958).

**6.** The Alabama Supreme Court held that the city council had a duty to issue the sewer connection permit, not that it had a duty to

enact a moratorium on sewer connections. *Pritchett*, 379 So.2d at 547–48. Thus, the asserted constitutional violation is not the legislative decision to not adopt an ordinance or resolution but the more confined decision to not issue the permit.

the state mandamus action the Alabama Supreme Court found it unnecessary to decide whether the decision to deny the sewer permit was ministerial, holding instead that the writ could issue because the denial was arbitrary and capricious, 379 So.2d at 548. The trial court had held, though, that the decision to issue the permit was a "mere ministerial function." *See id.* at 546.

Because we cannot say with any certainty that the Alabama courts would adopt the district court's position on these state law issues, we decline to adhere to the district court's reasoning.

■ An alternative limiting construction of the 10-year statute is suggested by focusing on the class of officials covered: sheriff, coroners, constables, and other public officers. Alabama adheres to the statutory construction principle of *ejusdem generis*, "where general words follow the enumeration of particular classes of persons or things, the general words will be construed as being applicable only to persons or things of the same nature or class as those enumerated." *Alabama State Docks Dept. v. Alabama Public Serv. Comm'n*, 288 Ala. 716, 265 So.2d 135, 143 (1972). This principle applies here. The difficulty is in determining what characteristic shared by the three enumerated officers shall define the class of "other public officers." Defendants suggest that the phrase is restricted to county officials, for the three enumerated officers are county officers. Defendants offer no logic, however, by which 10 years should be allowed in which to sue a county treasurer, for example, but only one year in which to sue a city treasurer. The better practice is to isolate a class-defining characteristic that comports with the purpose of the statute and the intent of its drafters.

Other provisions of the Alabama Code shed light on the meaning and purpose of the 10-year statute. Section 6-2-33(3) is part of Title 6, the Civil Practice title, and is in Chapter 2 ("Limitations of Actions"), Article 2 ("Time Provisions"). Chapter 6 of the same title covers "Remedies," and Article 16 thereof "Statutory Summary Proceedings Involving Officials." Article 16, which begins with § 6-6-660, provides for judgments for prescribed statutory penalties to be entered summarily on notice and motion for those defaults described in Article 16. This article was enacted in 1852, the same year the 10-year statute of limitations was enacted. The gist of the article can be gleaned from a selective summary of the officers and the types of misfeasance covered: failure of a sheriff or coroner to issue a writ of execution, summons, attachment or other mesne process, or to pay over funds received from levy of execution, 6-6-680, -681; failure of a probate judge to give to the sheriff service of process fees collected on his behalf, 6-6-684; failure of a clerk or register of the circuit court to enter the return made upon an execution, or to pay over fines and penalties collected, 6-6-700; false assessments by a tax assessor and excessive tax collecting by a tax collector, 6-6-720; failure of a county treasurer to pay a claim allowed against the county, 6-6-722; and failure of an attorney to pay over funds collected on his client's behalf, 6-6-740. The Alabama Supreme Court has explained the common characteristic of these provisions: these are all "cases in which the evidence is generally direct and plain, and often of record, and the defendants, persons with whom ... the courts should promptly deal." *Ex Parte Wilson*, 54 Ala. 296, 298 (1875).

The 10-year statute has much in common with Article 16. First, the officers it enumerates are also specified in the article.[7] Second, the uncommon length of the limitations period suggests that the legislature intended it to apply to "cases in which the evidence is generally direct and plain, and often of record," and to cases where the breach of trust and duty is a serious one.

---

7. Constables are covered by § 6-6-680's "other officer receiving or executing the writ." *See*

§ 36-23-6 (constables' duties include serving process and writs of execution).

Finally, the 10-year statute was enacted the same year as Article 16.

The commonality between the 10-year statute and the summary proceedings article is more powerfully demonstrated in the case law. The only decision we have found applying the 10-year statute in the 130 years since its enactment is a case brought under Article 16. *Tippett v. Hardy*, 206 Ala. 309, 89 So. 493 (1921) (suit against sheriff for failure to issue garnishment).

Moreover, the six-year statute of limitations, § 6–2–34, has a provision that is *in pari materia* with the 10-year statute, governing actions against *"the sureties of*[8] any sheriff, coroner, constable or any public officer ... for any nonfeasance, misfeasance or malfeasance."* Ala.Code § 6–2–34 (emphasis added). The six-year statute has received greater application than the 10-year, yet it too has always been applied only to officers listed in Article 16, *see Montgomery County v. Cochran*, 126 F. 456, 462 (5th Cir. 1903) (county treasurer), *rev'd on other grounds*, 199 U.S. 260, 26 S.Ct. 58, 50 L.Ed. 182 (1905); *Ware v. Greene*, 37 Ala. 494 (1861) (tax collector); *McDonnell v. Branch Bank*, 20 Ala. 313 (1852) (court clerk), or to closely analogous officers, *see Governor v. Gordon*, 15 Ala. 72, 75–76 (1848) (suit versus notary public for failure to properly handle a negotiable instrument).

 From these numerous aids to statutory construction, we conclude that the common characteristic shared by the list of public officers enumerated in the 10-year statute is to be developed by reference to Article 16, the statutory summary-proceedings-against-public-officials article, Ala. Code § 6–6–660 *et seq.*[9] The officers named perform ministerial duties that involve handling or collecting public and private funds, or that otherwise carry a high degree of trust. City councilmen are sufficiently different from sheriffs, constables, coroners, treasurers, court clerks, probate judges, etc. in these respects that we believe Alabama courts would not apply the 10-year statute to them.

We do not intend that the 10-year statute applies only to actions brought under the summary proceedings article, or only where the specific types of misfeasance listed there are at issue. Rather, we hold that the summary proceedings article is the principal reference point for determining the class of public officers covered by the statute.

The one-year statute applied by the district court covers "actions for any injury to the person or rights of another not arising from contract." Ala.Code § 6–2–39(a)(5). This is such an action. The only alternative statute suggested by Rodgers, the 10-year statute, does not apply for reasons we have discussed. Therefore, the judgment of the district court is AFFIRMED.

---

**8.** Many public officials in Alabama are required to carry a bond ensuring the faithful performance of their duties in office. *See, e.g.,* Ala. Code §§ 11–5–3, –9 (coroners); 11–44–9, –79, –128 (city commissioners); 36–22–1 (sheriffs); 36–23–4, –9 (constables).

**9.** This construction of the 10-year statute was suggested by the Alabama Attorney General, appearing as amicus.