**Willie C. CALHOUN and Mattie Calhoun, Plaintiffs-Appellants,**

v.

**ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD and Escambia County Commission, Defendants-Appellees.**

No. 82–7372
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 16, 1983.

Ronnie L. Williams, Mobile, Ala., for plaintiffs-appellants.

Broox G. Holmes, Mobile, Ala., for Escambia County Comm.

Winston V. Legge, Jr., Montgomery, Ala., for Alabama Alcohol Beverage Control.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants, Willie C. and Mattie Calhoun, brought this action under 42 U.S.C.A. § 1983 (West 1981) alleging that appellees, The Alabama Alcoholic Beverage Control Board and the Escambia County Commission, discriminated against them on the basis of race by denying their application for retail beer and liquor licenses in 1979. The district court dismissed the complaint for failure to state a claim, holding that the Calhouns had not brought their action within the period required by the statute of limitations. We reverse.

The facts are relatively simple. The Calhouns, black citizens of Alabama, made plans in early 1979 to operate a social club in a rural area of Escambia County. They anticipated serving alcoholic beverages at the club and applied for a restaurant liquor license and for a retail beer license. The Escambia County Commission turned down their application for a restaurant liquor license on February 12, 1979, and again on May 14, 1979. The Alabama Alcoholic Beverage Control Board turned down their application for a retail beer license on June 28, 1979.[1]

1. The Board's findings included the following statement:

[I]t is not in the best interest of your community, County, and State to issue the license for which you applied. The Board finds that

Subsequently, during May or June of 1981, appellees granted liquor and beer licenses to a white couple that was opening a club/lounge in the same location at which plaintiffs had planned to open their social club. On May 3, 1982, less than a year after appellees granted licenses to the white couple, the Calhouns brought this action alleging that appellees had denied their license applications because they were black.

The district court referred the action to a U.S. Magistrate, who ruled that it was apparent from the face of the complaint that the Calhouns had not brought suit within the required one-year period after the cause of action accrued. The magistrate's report stated that the statute of limitations began to run "at least by June 28, 1979, or thereabouts, when the final denial [of the license applications] was communicated to plaintiff ...." Record on Appeal at 107. The district court adopted the magistrate's report and dismissed the complaint. This appeal followed.

■■■ The only issue on appeal is whether the Calhouns brought their action within the required limitations period. The parties agree that Alabama's one-year statute of limitations for trespass on the case, Ala. Code § 6–2–39(a)(5) (1975), is applicable to the Calhouns' claim.[2] The parties also agree that federal law determines the time at which the Calhouns' cause of action accrued. *See Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir.1980) ("Although the appropriate statute of limitations period is derived from state statute, 'the question when a federal cause of action *accrues* is a matter of federal, not state[,] law.' ") (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir.1980)). The crucial question, therefore, concerns the time at which the Calhouns' cause of action accrued under federal law,

*i.e.*, the time at which the statute of limitations began to run on the Calhouns' claim.

Citing the general rule that under federal law "the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action," *Lavellee v. Listi*, 611 F.2d at 1131 (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir.1975)), appellees argue that the court below correctly determined that the Calhouns' cause of action accrued on or before June 29, 1979. By that date, appellees point out, all of the Calhouns' license applications had been denied. Accordingly, appellees argue, the Calhouns knew or had reason to know of the injury which is the basis of their claim by that time.

The Calhouns do not quibble with appellees' statement of the general rule regarding accrual of a cause of action, but they contend that their cause of action did not actually accrue until May or June of 1981 because that was the time at which they learned that appellees had discriminated against them. According to the Calhouns, they were led to believe that appellees had denied their license applications in 1979 because residents of the area surrounding the proposed social club had signed a petition opposing the granting of the liquor licenses. They did not realize that they had been the victims of racial discrimination until appellees, over similar opposition by area residents, granted liquor licenses to a white couple in May or June of 1981. Consequently, the Calhouns argue, their May 3, 1982, complaint was filed within a year of the time that they knew or had reason to know of the racial discrimination which injured them and which forms the basis of their action. Thus, the district court should not have granted appellees' motion to dismiss their complaint.

it is inadvisable and not in furtherance of protecting and promoting the public welfare, health, peace and morals to issue the license for which you applied.
Record on Appeal at 28.

**2.** There is no uniform federal statute of limitations for actions under 42 U.S.C.A. § 1983. Consequently, federal courts apply the most

nearly analogous state statute of limitations. *See, e.g., Nathan Rodgers Constr. & Realty Corp. v. City of Saraland*, 670 F.2d 16 (5th Cir.1982) (Unit B). Application of Alabama's one-year limitations period for trespass on the case is consistent with numerous prior decisions. *See, e.g., Pennick v. City of Florala*, 529 F.2d 1242 (5th Cir.1976).

We agree with the Calhouns that the district court should not have dismissed the complaint. In reaching this conclusion, "we apply the familiar equitable modification to statutes of limitation: the statute does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 930 (5th Cir.1975). The Calhouns alleged that the facts which supported their cause of action, *i.e.,* the evidence of racial discrimination, were not apparent, and would not have been apparent to a reasonably prudent person, until appellees' granted liquor and beer licenses for the exact same location to a white couple. If this allegation is correct, and we must assume at this stage of the proceedings that it is,[3] then the cause of action did not accrue until May or June of 1981 when the appellees granted liquor licenses to the white couple.

Our conclusion is supported by several of the former Fifth Circuit's employment discrimination cases.[4] For example, in *Tucker v. United Parcel Service,* 657 F.2d 724 (5th Cir.1981) (Unit B), several black seasonal workers brought an action alleging that the defendant had discriminated against them when it rehired white seasonal workers who also had been dismissed previously. The district court dismissed the complaint because the workers had not filed charges with the EEOC within 180 days[5] after they were told they would not be recalled. The plaintiffs pointed out that the charges had been filed less than 180 days after they learned that the defendant was recalling white seasonal workers, but the district court ruled that the 180-day period began to run when the black workers were informed that they would not be recalled, "whether or not they had evidence at that time to support a belief, suspicion, or hunch that racial discrimination might be involved." *Id.* at 726 (quoting the district court's oral findings). The court of appeals reversed, holding that the 180-day period had not commenced to run until the plaintiffs learned that white seasonals were being recalled. The court of appeals reasoned that "[i]t would be anomolous indeed if persons protected by the statute from racial discrimination are required to presume that they are being discriminated against." *Id.* at 726. *See also Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d at 931 (holding that 90-day period for filing complaint "did not begin to run ... until the facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff").

In summary, we hold that the district court should not have dismissed the Calhouns' complaint at such an early stage of the proceedings. If the allegations in the complaint prove to be true, then the Calhouns' cause of action did not accrue until May or June of 1981, and their complaint was filed within the one-year limitations period.[6]

REVERSED AND REMANDED.

---

**3.** "[F]or the purposes of a motion to dismiss, we are constrained to accept as true the facts stated in [the] complaint." *Brown v. Ivie,* 661 F.2d 62, 66 (5th Cir.1981) (Unit B).

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**5.** 42 U.S.C.A. § 2000e–5(e) (West 1981) requires filing of employment discrimination charges with the EEOC within 180 days of the alleged unlawful employment practices.

**6.** We need not, and expressly do not, decide when, as a matter of fact, the Calhouns became aware or should have become aware of the alleged discrimination against them. In addition, we need not consider any of the other grounds for dismissal or summary judgment which were put forward by appellees in the court below. Such issues should be decided in the first instance by the district court.