**Joseph GIBBS, Plaintiff,**

v.

**John P. DECKERS, et al., Defendants.**

**No. CIV.A.98–787–JJF.**

United States District Court,
D. Delaware.

Dec. 4, 2002.

Darryl K. Fountain, Law Offices of Darryl K. Fountain, Wilmington, DE, for Plaintiff Joseph Gibbs.

Robert F. Phillips, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE, for Defendant John P. Deckers.

Rosamaria Tassone, of City of Wilmington Law Department, Wilmington, DE, for Defendant Carolyn Hartsky, Defendant City of Wilmington.

## *MEMORANDUM OPINION*

FARNAN, District Judge.

Presently before the Court are the Motion to Dismiss filed by Defendant Deckers, (D.I.13), and the Motion to Dismiss filed by Defendant Carolyn Hartsky and Defendant City of Wilmington(D.I.16). For the reasons discussed, the Court will grant Defendant Deckers' motion (D.I.13) and will deny the Hartsky and City of Wilmington motion (D.I.16).

## BACKGROUND

According to Plaintiff's Complaint (D.I.2), on March 30, 1995, Plaintiff was arrested by agents of the Federal Bureau of Investigation in Wilmington, Delaware on an outstanding fugitive warrant from New York. While in federal custody in Wilmington, Plaintiff was questioned by Detective Carolyn Hartsky ("Defendant Hartsky") of the Wilmington Police Department regarding an alleged rape. Plaintiff refused to answer questions regarding the rape and was transported to Riverside Hospital for blood and DNA testing. After this testing was completed, Plaintiff was transferred to Gander Hill Correctional Facility.

During the next few days, Plaintiff was interrogated by Defendant Hartsky on several occasions, culminating with Plaintiff being charged with rape on April 2, 1995. Plaintiff was held on the rape charge at Gander Hill for nineteen months. On December 6, 1996, at Plaintiff's pretrial hearing, the court determined that there was no probable cause to believe Plaintiff had committed the alleged rape. The charges were dismissed on December 9, 1996.

Following the dismissal, Plaintiff was transferred to the Cayuga Correctional Facility in New York. In his Complaint, Plaintiff alleges that Defendant Hartsky and Defendant John P. Deckers ("Defendant Deckers"), a former Deputy Attorney General for the State of Delaware, knew that Plaintiff was innocent but pursued the rape charges anyway "in violation of all of Plaintiff [sic] Constitutional Rights." (D.I. 2 at 5). Plaintiff seeks to recover $5 bil-

lion in compensatory damages and $5 billion in punitive damages from Defendant Hartsky, Defendant Deckers, and the City of Wilmington. (D.I. 2 at 5).

Defendant Deckers filed his motion to dismiss on July 23, 1999, seeking dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Hartsky, and the City of Wilmington filed their motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on August 3, 1999. (D.I.16). Plaintiff filed a brief in opposition to the motions on November 3, 2000. (D.I.37).

## STANDARD OF REVIEW

When a court analyzes a motion to dismiss brought under Rule 12(b)(6), the factual allegations of the complaint must be accepted as true, and the Court must draw all reasonable inferences in favor of the non-moving party. A court can only grant a Rule 12(b)(6) motion to dismiss is "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" contained in the complaint.[1]

## DISCUSSION

### I. DEFENDANT DECKERS MOTION TO DISMISS (D.I.13)

#### A. Statute of Limitations

Defendant Deckers contends that Plaintiff's Complaint was filed after the statute of limitations period expired. (D.I.14). Accordingly, he requests that the Court dismiss Plaintiff's Complaint. The Court, however, concludes that Plaintiff's Com-

---

1. Defendant Deckers' motion seeks dismissal of Plaintiff's Complaint on statute of limitations grounds pursuant to Rule 12(b)(1). Because the motion does not discuss whether the applicable statute of limitations in Section 1983 actions is a jurisdictional bar, and because the Court concludes that under the circumstances, it makes no difference whether the motion is analyzed under Rule 12(b)(1) or Rule 12(b)(6), the Court will analyze the motion under Rule 12(b)(6) only.

plaint was filed within the applicable limitations period.

### 1. Date Plaintiff's Claim Accrued

 Section 1983 claims are characterized as personal injury claims, and district courts must apply the state statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For Section 1983 claims arising in Delaware, a two-year statute of limitations period found in 10 *Del. C.* § 8119 is applicable. *McDowell v. Delaware State Police*, 88 F.3d 188, 190 (3d Cir.1996). In determining when a Section 1983 claim accrues for statute of limitations purposes, federal law governs. *Carr v. Town of Dewey Beach*, 730 F.Supp. 591, 603 (D.Del.1990)(citing *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 197 n. 16 (3d Cir.1984)). Under federal law, a Section 1983 claim accrues "when a plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D.Del.1996).

 Applying these principles, the Court concludes that Plaintiff "knew or should have known" of his injuries on December 9, 1996, the date the rape charges against him were dismissed. *See Calero–Colon v. Betancourt–Lebron*, 68 F.3d 1, 4 (1st Cir.1995)(holding that Fourth and Fourteenth Amendment claims for malicious prosecution filed pursuant to Section 1983 "accrue" when the plaintiff is acquitted or the charges against the plaintiff are dismissed). Thus, to comply with the applicable statute of limitations, Plaintiff was required to file a Complaint by December 9, 1998.

### 2. Mailbox Rule

 Defendant Deckers contends that Plaintiff's Complaint was not received by the Court until December 14, 1998, and was not filed until December 29, 1998. (D.I. 14 at ¶ 1; Exh. A). Accordingly, Defendant Deckers requests that the Court dismiss Plaintiff's Complaint on statute of limitations grounds. (D.I. 14 at ¶ 3). Although Plaintiff's Complaint is not dated, attached to Plaintiff's brief is a receipt from the New York Department of Corrections, signed by Plaintiff, indicating that Plaintiff presented his Complaint to prison officials for mailing on December 8, 1998. (D.I.37, Exh. 7). For the reasons discussed below, the Court concludes that December 8, 1998 is the date Plaintiff filed his Complaint for statute of limitations purposes.

In *Houston v. Lack*, a pro se prisoner filed an appeal from the dismissal of his habeas corpus petition. 487 U.S. 266, 268, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The prisoner presented his paperwork to prison authorities for mailing three days before the thirty day appeal period expired. *Id.* However, the notice of appeal was not received by the district court until a day after the appeal period had expired. *Id.* The United States Supreme Court held that, because pro se prisoners do not have the assistance of counsel and have little control over the mailing of court papers once they are delivered to prison officials, the prisoner's habeas appeal was deemed filed on the date he delivered the papers to prison officials for mailing. *Id.* at 270–71.

Although *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir.1998)(noting that the Third Circuit has applied *Houston's* "mailbox" rule to motions for reconsideration within the context of pro se Section 1983 complaints, and that several other courts of appeals have extended *Houston* to the fil-

ing of Section 1983 complaints) (citations omitted). *See also Rivers v. Horn*, 2001 WL 312236, at *1 n. 1 (E.D.Pa. March 29, 2001)(extending *Houston* to pro se prisoner Section 1983 complaints). The Court concludes that *Houston's* mailbox rule is applicable in the instant circumstances. Accordingly, the Court concludes that Plaintiff's Complaint was filed on December 8, 1998, the date it was delivered to prison officials in New York for mailing, which was one day before the two-year limitations period expired. Thus, Defendant Deckers Motion to Dismiss will be denied insofar as it is based on statute of limitations grounds.

**B. Prosecutorial Immunity**

 Defendant Deckers contends that he is absolutely immune from monetary liability because he is afforded the protections of prosecutorial immunity. The United States Supreme Court has held that "in initiating prosecutions and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [Section] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Prosecutors are also immune from liability for their participation in probable cause hearings and for seeking the issuance of search warrants from courts. *Burns v. Reed*, 500 U.S. 478, 487, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Prosecutorial immunity applies even if the prosecutor acted wilfully, maliciously, or in bad faith. *Imbler*, 424 U.S. at 427, 428 n. 27, 96 S.Ct. 984; *Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 502 (3d Cir.1997).

 However, the Supreme Court has held that prosecutorial immunity does not apply when a prosecutor's conduct falls outside of the traditional advocacy functions, such as when the prosecutor engages in "investigative" or "administrative" func-

tions. *Imbler*, 424 U.S. at 430–31, 96 S.Ct. 984. Thus, a prosecutor's involvement in wiretapping, *Mitchell v. Forsyth*, 472 U.S. 511, 521, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), giving legal advice to police during a police investigation, *Burns*, 500 U.S. at 496, 111 S.Ct. 1934, making false statements at a press conference and fabricating evidence prior to indictment or arrest, are not protected by prosecutorial immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–78, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Noting that the distinction between advocacy functions and investigative or administrative functions is often unclear, the Supreme Court opined that once a prosecutor has decided to seek an indictment, all actions taken by the prosecutor in anticipation of judicial proceedings or in his advocacy role for the State, are immune from liability. *Id.* at 273, 113 S.Ct. 2606. Such immunity extends to "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury." *Id.*

In applying the Supreme Court's standards, courts have applied prosecutorial immunity to a prosecutor's decision whether or not to prosecute, *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir.1993), withholding of exculpatory evidence, *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir.1994), securing the presence of a reluctant witnesses for trial by issuing a capias, *Betts v. Richard*, 726 F.2d 79, 81 (2d Cir.1984), and preventing a plaintiff from receiving his Sixth Amendment right to a speedy trial. *Prince v. Wallace*, 568 F.2d 1176, 1178–79 (5th Cir.1978).

 In Plaintiff's Complaint, Defendant Deckers is not mentioned by name. The only reference to a prosecutor is when, after citing the pretrial hearing, Plaintiff alleges that the court concluded "the Wilmington Police and the New Cas-

tle County Prosecutor did not have probable cause or evidence to arrest and indict ... Plaintiff." (D.I. 2 at 5). Assuming that this reference adequately identifies Defendant Deckers, Plaintiff does not make any specific allegations that Defendant Deckers conduct strayed from a prosecutor's traditional advocacy functions.[2] Therefore, the Court concludes that Defendant Deckers is absolutely immune from monetary liability and Plaintiff's Complaint against Defendant Deckers should be dismissed.[3]

## II. DEFENDANTS CAROLYN HARTSKY AND CITY OF WILMINGTON'S MOTION TO DISMISS (D.I.16)

The only contention raised by Defendants Hartsky and City of Wilmington is that, for the reasons asserted by Defendant Deckers, Plaintiff's Complaint should be dismissed because it is barred by the two-year statute of limitations contained in 10 *Del. C.* § 8119. For the reasons discussed in the Court's consideration of Defendant Deckers' argument the Court concludes that this contention lacks merit and the motion must be denied.

## CONCLUSION

For the reasons discussed, the Motion to Dismiss filed by Defendant Deckers (D.I.13) will be granted. The Motion to Dismiss filed by Defendants Carolyn Hartsky and City of Wilmington (D.I.16) will be denied.

An appropriate order will be entered.

## *ORDER*

At Wilmington this 4th day of December, 2002, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Motion to Dismiss filed by Defendant Deckers (D.I.13) is *GRANTED.*

2. The Motion to Dismiss filed by Defendants Carolyn Hartsky and City of Wilmington (D.I.16) is *DENIED.*

2. In his brief in opposition to Defendant Deckers' motion, Plaintiff makes numerous allegations concerning Defendant Deckers wrongful conduct that are not contained in his Complaint. (D.I. 37 at 1–3). Because these allegations are not contained in the Complaint, the Court cannot consider them in resolving the instant motion. However, even if these allegations could be considered, the only act Defendant Deckers allegedly engaged in that could arguably be considered outside the scope of the prosecutor's advocacy functions is that Defendant Deckers "did not allow [Defendant] Hartsky to interview and investigate [P]laintiff's alibis until 6 months later." (D.I. 37 at 1). There is no indication in the Complaint how Defendant Deckers prevented Defendant Hartsky from performing her job. Furthermore, since Plaintiff had already been arrested, the Court construes these allegations as an attempt by Defendant Deckers to conceal exculpatory evidence. As discussed above, such conduct is protected by prosecutorial immunity.

Plaintiff also states in his brief that a prosecutor is not protected by prosecutorial immunity when "searching for clues that might lead to an arrest." (D.I. 37 at 9). Although an accurate statement of the law, Plaintiff does not specifically assert in his brief that Defendant Deckers searched for clues prior to Plaintiff's arrest.

3. Because the Court concludes that Defendant Deckers is absolutely immune from monetary liability, the Court will not address the other immunity contentions contained in Defendant Deckers' papers.