**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JAMES JOHNSON,      )
                                )
      Plaintiff,         )
                                )
     v.                  )       C.A. No. N16M-04-206 ALR
                                )
ROBERT COUPE, et al.      )
                                )
      Defendants.     )

Submitted: December 1, 2016
Decided: January 26, 2017

<u>**ORDER**</u>

*Upon Defendants' Motion to Dismiss–*
**GRANTED**

Upon consideration of the complaint filed by Plaintiff James Johnson ("Plaintiff"); the Motion to Dismiss filed by Defendants; the facts, arguments, and legal authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional precedent; and the entire record in this case, the Court hereby finds as follows:

1.     Plaintiff is a former inmate at Sussex Correctional Institution.

2.     On January 9, 1986, Plaintiff was indicted for Possession with Intent to Deliver Cocaine and Possession of Cocaine. On April 2, 1986, Plaintiff was indicted for additional charges of Robbery in the First Degree; Conspiracy in the Second Degree; Kidnapping in the Second Degree; Possession of a Deadly

Weapon During Commission of a Felony; and Possession of a Deadly Weapon by a Person Prohibited. Finally, on September 30, 1987, Plaintiff was indicted on charges of Burglary in the Third Degree; Conspiracy in the Second Degree; Felony Theft; and Criminal Mischief.

3. On November 2, 1987, Plaintiff pleaded guilty to Robbery in the First Degree, Possession with Intent to Deliver Cocaine, and Burglary in the Third Degree. In exchange for Plaintiff's guilty plea, the State dismissed the remaining charges against Plaintiff in all three indictments. Plaintiff was sentenced to 10 years at Level V for Robbery in the First Degree, 2 years at Level V for Possession with Intent to Deliver Cocaine, and 3 years at Level V for Burglary in the Third Degree. On January 15, 1993, Plaintiff was released from prison and placed on parole.

4. On September 30, 1993, Plaintiff was arrested on new felony charges. Following trial, a jury found Plaintiff guilty of Robbery in the First Degree; Possession of a Deadly Weapon During Commission of a Felony; Conspiracy in the Second Degree; and Possession of a Deadly Weapon by a Person Prohibited. Plaintiff was sentenced to a total of 24 years at Level V, suspended after 20 years at Level V for decreasing levels of supervision. By Order dated February 9, 1996, the Delaware Supreme Court affirmed Plaintiff's convictions.[1]

---

[1] *Johnson v. State*, 1996 WL 69829 (Del. Feb. 9, 1996).

5.      On December 24, 1997, the Board of Parole revoked Plaintiff's parole due to Plaintiff's new convictions.  The Board of Parole re-imposed the remainder of Plaintiff's previous sentence–7 years, 1 month, and 3 days at Level V–to be served consecutively to the sentence for Plaintiff's new convictions.

6.      Over the next several years, Plaintiff filed numerous motions for reduction of sentence.  The Court denied Plaintiff's motions.

7.      On April 4, 2012, the Department of Correction submitted an application for modification of Plaintiff's sentence.  By Order dated May 16, 2012, the Court granted the application for modification and issued a modified sentencing order that suspended Plaintiff's remaining Level V time.

8.      By Order dated August 22, 2012, the Court vacated the May 16, 2012 modified sentencing order and reinstated Plaintiff's Level V incarceration.  By letter to Plaintiff dated February 21, 2013, the Court explained that the Court vacated Plaintiff's modified sentence after discovering that Plaintiff had additional convictions and sentences that the Board of Parole did not address in its modification request.

9. Thereafter, Plaintiff filed numerous petitions for habeas corpus, sentence reduction, and post-conviction relief. The Court denied Plaintiff's applications and the Delaware Supreme Court affirmed.[2]

10. On April 29, 2016, Plaintiff filed a civil complaint against Defendants in this Court. Plaintiff alleges that Defendants, in their capacity as employees for the Department of Correction, knowingly caused Plaintiff to remain wrongfully incarcerated for 18 months longer than required under Plaintiff's sentence. Plaintiff alleges that Defendants violated Plaintiff's constitutional rights under the color of state law. Plaintiff seeks $20,000 in damages from each individual Defendant.

11. Defendants have moved to dismiss Plaintiff's complaint pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss must be decided solely on the allegations set forth in the complaint.[3] In deciding a motion to dismiss, the Court shall accept all well-pleaded allegations as true and make all reasonable inferences in favor of the non-moving party.[4] Factual allegations, even if vague, are well-pleaded if they

---

[2] *See, e.g.*, *Johnson v. State*, 2013 WL 6044393 (Del. Nov. 13, 2013); *Johnson v. State*, 1996 WL 683779 (Del. Nov. 19, 1996); *State v. Johnson*, 1996 WL 33347481 (Del. Super. July 18, 1996).

[3] *Walls v. Williams*, 2006 WL 1133563, at *1 (Del. Super. Mar. 28, 2006); *Jackson v. Fleming*, 2005 WL 2090773, at *1 (Del. Super. Apr. 27, 2005).

[4] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

4

provide notice of the claim to the other party.[5] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[6]

12. Plaintiff seeks monetary damages through a private cause of action for an alleged violation of his federal constitutional rights. Accordingly, Plaintiff's claim is governed by federal statute.[7]

13. Defendants contend that Plaintiff's cause of action is time-barred pursuant to the applicable statute of limitations. Claims pursuant to 42 U.S.C. § 1983 are governed by the statute of limitations for personal injury suits in the state where the § 1983 claim arises.[8] For § 1983 claims arising in Delaware, the two-year statute of limitations under 11 *Del. C.* § 8119 applies.[9] The accrual of a cause of action under § 1983 is governed by federal law.[10] A § 1983 action accrues, and

---

[5] *Spence*, 396 A.2d at 968.

[6] *Id.*

[7] *See* 42 U.S.C. § 1983; *Thomas v. Bd. of Educ. Of Brandywine Sch. Dist.*, 759 F. Supp. 2d 477, 488 (D. Del. 2010); *Jackson v. Minner*, 2011 WL 947069, at *2 (Del. Super. Mar. 17, 2011).

[8] *Owens v. Okure*, 488 U.S. 234, 240 (1989); *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015); *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009); *St. Louis v. Haller*, 2016 WL 6090918, at *3 (D. Del. Oct. 17, 2016).

[9] *Woodson v. Payton*, 2012 WL 5374133, at *1 (3d Cir. Nov. 2, 2012); *Carter v. Texter*, 2015 WL 4915538, at *2 (D. Del. Aug. 17, 2015); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 461 (D. Del. 2002); *Parker v. Gadow*, 893 A.2d 964, 968 (Del. 2006).

[10] *Kach*, 589 F.3d at 634; *Gibbs*, 234 F. Supp. 2d at 461.

the statute of limitations begins to run, at the time "the plaintiff knew or should have known of the injury upon which the action is based."[11]

14.    Plaintiff's cause of action for over-detention arises from the Court's August 22, 2012 order vacating Plaintiff's modified sentence and reinstating Plaintiff's Level V incarceration.  Plaintiff alleges that he was not aware of the Court's August 22, 2012 order until January 17, 2013.  Plaintiff initiated this action on April 29, 2016.

15.    Accepting the factual allegations in Plaintiff's complaint as true,[12] the Court finds that Plaintiff's § 1983 claims are time-barred.  Plaintiff's cause of action accrued on January 17, 2013, the day that Plaintiff alleges he discovered his modified sentence was wrongfully revoked.  Plaintiff's claim–that the order vacating Plaintiff's modified sentence was based on false information and deficient recordkeeping by Defendants–was filed in this Court on April 29, 2016, more than two years after the January 17, 2013 accrual of Plaintiff's § 1983 claim.  Plaintiff's § 1983 claim does not satisfy the two-year statute of limitations under 11 *Del. C.* § 8119.  Accordingly, this Court must dismiss the cause of action as untimely.

---

[11] *Kach*, 589 F.3d at 634; *Cooke v. Herlihy*, 2011 WL 2119351, at *3 (D. Del. May 26, 2011).
[12] *Ramunno*, 705 A.2d at 1034.

16.    Furthermore, in *Heck v. Humphrey*,[13] the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[14]

"*Heck* prevents a collateral attack on a state criminal conviction by requiring that the state proceedings terminated favorably for the plaintiff."[15] Here, Plaintiff does not allege that the sentencing order giving rise to Plaintiff's claim was reversed, expunged, invalidated, or called into question by a federal court.[16] To the contrary, Plaintiff's multiple applications for habeas corpus and sentence reduction were denied at the state and federal level. Accordingly, Plaintiff's § 1983 claims are also barred by the final termination rule announced by the United States Supreme Court in *Heck*.

17.    For the reasons discussed, this Court finds that Plaintiff's cause of action is time-barred pursuant to the applicable statute of limitations. Furthermore, the Court finds that Plaintiff's § 1983 claims are barred pursuant to the United

---

[13] 512 U.S. 477 (1994).
[14] *Heck*, 512 U.S. at 486–87.
[15] *Blenman v. Dover Police Dep't*, 2016 WL 5955519, at *3 (3d Cir. Oct. 12, 2016).
[16] *Heck*, 512 U.S. 477, 486–87.

7

States Supreme Court's holding in *Heck*. Accordingly, there is no reasonably conceivable set of circumstances susceptible of proof upon which Plaintiff may recover.

**NOW, THEREFORE, this 26th day of January, 2017, Defendants' Motion to Dismiss is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**